## S. N. SIMPSON *et al.* v. THE CITY OF KANSAS CITY *et al.*

CITY IMPROVEMENTS — *Reapportionment of Costs* — *Mandamus* — *Laches.*
Where a sufficient petition was presented in May, 1887, to the mayor and
councilmen of the city of Kansas City, in this state, for the grading of a
part of a street at the cost of the abutting property owners, under
§ 4, chapter 99, Laws of 1887, and on September 22, 1887, an ordi-
nance was duly passed and published for the improvement prayed
for, and subsequently the street was graded in accordance therewith,
and the cost thereof ascertained against each lot, according to the
appraised value of the lots contained in each block separately; and
notice given to the owners of abutting property on the 10th of Jan-
uary, 1888, of such special assessment, and that the same could be
paid in 30 days; and like notice was given on the 25th of August,
1888, for payment of the improvement on or before September 27,
1888; and the plaintiffs made no objection to such assessment, or the
manner thereof, and did not attempt to enjoin or otherwise inter-
fere with the collection of the same, until August, 1891; and at that
time only made a demand upon the mayor and councilmen of the city
for a reapportionment of the assessment on the whole length of the
street so improved, according to the provisions of the statute, and
then delayed commencing legal proceedings to compel such reap-
portionment until August 22, 1892: *Held,* That as the plaintiffs at one
time had a plain and adequate remedy by injunction to prevent
the collection of the erroneous assessment, of which they did not
avail themselves, and as they have been guilty of great *laches* in
making their demand for a reapportionment of the same, the writ
of *mandamus* prayed for will not now be granted.

### *Original Proceeding in Mandamus.*

THE opinion herein, filed October 7, 1893, contains a suf-
ficient statement of the case.

*W. S. Carroll,* for plaintiffs.

*Jas. M. Rees,* and *K. P. Snyder,* for defendants.

The opinion of the court was delivered by

HORTON, C. J.: This is an action to compel the mayor
and councilmen of the city of Kansas City to reapportion the
costs of grading Seventh street, from Minnesota avenue to
Euclid avenue. In May, 1887, a sufficient petition was pre-

sented to the mayor and councilmen of the city of Kansas City, in this state, for the grading of a part of Seventh street at the cost of the abutting property owners, as provided in § 4, chapter 99, Laws of 1887. (Gen. Stat. of 1889, ¶ 557. On September 22, 1887, an ordinance was duly passed, ordering the improvement as prayed for. The ordinance was properly published the same day, and the street graded in accordance therewith. The estimated cost of the work was $18,711.70, but the actual cost was $15,950.51. It was apportioned upon each block separately, according to the appraised value of the lots contained in each block. Notices were served upon all the owners of the abutting property on the 10th of January, 1888, which notice contained the number of the lot and the block, the nature of the improvement, and the amount of special assessment made against each lot, and that the same could be paid to the city treasurer on or before 30 days thereafter, otherwise it would be collected in 10 annual installments, with interest at the rate of 6 per cent. per annum; and like notice was made out and served on the 25th day of August, 1888, requiring payment for such special improvement to be made on or before September 27, 1888. Many of the lot owners paid their assessments in full, and other lot owners have paid the assessments upon their property, from year to year, without objection. At the time of the making the assessment and apportioning the same upon the property, it was done in manner and form as the law was then interpreted by the city officials, and no objection was made to such assessment or to the manner thereof by either of the plaintiffs, but they then acquiesced in the assessment and the manner of collecting the same. They failed and neglected to appeal from the assessment, or to enjoin the same, or in any manner to interfere, until the demand for the reapportionment, in August, 1891, followed by the commencement of this action, on August 22, 1892.

The expense of the improvement should have been assessed against the lots and parcels of land abutting on the part of the street so improved, and the part so improved ought not

to have been divided into blocks, and each block made liable for the improvement in front thereof. (*Simpson v. Kansas City*, 46 Kas. 438.) The assessment was therefore irregular. The writ of *mandamus* ought not to issue in any case where there is a plain and adequate remedy in the ordinary course of the law. (Civil Code, § 689.) This court has also some discretion in allowing the writ. (*The State, ex rel., v. Comm'rs of Phillips Co.*, 26 Kas. 419.) The statute provides that

"No suit to set aside the said special assessments, or to enjoin the making of the same, shall be brought, nor any defense to the validity thereof be allowed, after the expiration of 30 days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained." (Laws of 1887, ch. 101, § 1.)

The plaintiffs in this action had an ample remedy by injunction, of which they did not avail themselves. (*Simpson v. Kansas City*, supra; *Wahlgren v. Kansas City*, 42 Kas. 243.) Section 20, chapter 37, Laws of 1881, reads:

"In case the corporate authorities have attempted to levy any taxes or assessments for improvement, or for the payment of any bonds or other evidence of debt, which taxes or assessments may have been informal, for the want of sufficient authority or other cause, the council of such city, at the time fixed for levying general taxes, shall relevy and reassess any such assessments or taxes, in the manner provided in this act." (Gen. Stat. of 1889, ¶ 568.)

No demand was made upon the defendants for a reapportionment of the assessment for the improvement of the street until August, 1891, and no legal proceedings were commenced in this court until a year after. If a sufficient application had been made by a proper party at a time when the statute first authorized the mayor and city council to make a relevy, then this court might have, under said § 20, compelled such a relevy. But there has been so much delay in making this application, and so many complications may now arise if such relevy is made, in a proceeding where a few abutting owners only are petitioning for the same, that we do not think, under all the circumstances, the writ prayed for should at this time

be granted. The motion to quash the answer will be overruled, and upon the pleadings a peremptory writ must be denied.

All the Justices concurring.