F. A. ARENDS *et al.* v. THE CITY OF KANSAS CITY *et al.*

No. 8591.

1. MANDAMUS — *not issued where plain, adequate, ordinary remedy.* Courts are not bound to award writs of *mandamus* where there is another plain and adequate remedy in the ordinary course of law.

2. ———— *not substitute for adequate statutory remedy.* An owner against whose city property a special assessment was irregularly made for the grading of a street failed to avail himself of the statutory remedy provided for such cases, and made no objection for more than two years after an objection might have been made, nor until after a large part of the assessments had been paid, when he made a demand for a reapportionment of the entire cost of the improvement and asked for a *mandamus* to compel the same; *held*, that he was not entitled to the writ.

*Error from Wyandotte District Court.*

*Hon. Henry L. Alden, Judge.*

AFFIRMED.                    OPINION FILED NOVEMBER 7, 1896.

*W. S. Carroll*, for plaintiffs in error.

*K. P. Snyder*, City Counselor, and *T. A. Pollock*, City Attorney, for defendants in error.

JOHNSTON, J.    This was an application for a writ of *mandamus* to compel the municipal authorities of Kansas City to reapportion the cost of grading a part of Washington Avenue.    A petition for the improvement was presented to the mayor and council in July, 1888 ; in the following month the petition was granted and an ordinance passed directing that the improvement be made.    Estimates of the work were made, the contract let to the lowest responsible bidder, and the grading was done.    The property subject to assessment was appraised by three disinterested appraisers, a time was fixed for hearing the complaints of property owners, and due notice of the hearing was given. In September, 1889, an apportionment was made, and a special assessment was charged to the various lots abutting on the street, which assessment was regular in every respect except that, instead of assessing the cost of the improvement against the abutting lots on the part of the street that was improved, each block was made a taxing-district.    Although the petition for the grading was filed July 6, 1888, and notice given that the assessment must be paid on or before the 28th day of October, 1889, no complaint was made nor proceeding instituted until October 21, 1891.    In compliance with the notice given to the property owners in 1889, a large number of them paid the amounts of the assessments in full ; and the remaining property owners have with few exceptions paid annual assessments, and continued to pay them until the commencement of this proceeding.    Only a part of the property owners asked for a reapportionment of the cost of the grading, and they have not availed themselves of the remedies pointed out by the statute where special assessments are informally or

illegally made.   Ch. 101, § 1, Laws of 1887 (¶ 590, Gen. Stat. 1889) ; *Wahlgren v. Kansas City*, 42 Kan. 243.   The laches of the parties in seeking a remedy, and the complications which would necessarily arise from a reapportionment so long a time after the improvement was made and largely paid for, were sufficient reasons for the ruling of the District Court in denying the writ.   The court, being vested with some discretion, will not issue a writ of *mandamus* except where it seems to be necessary and proper to accomplish the ends of justice ; and where the statute provides a plain and adequate remedy in the ordinary course of the law the writ will not be awarded.   *Simpson v. Kansas City*, 52 Kan. 88.

We think the District Court ruled correctly ; and its judgment will therefore be affirmed.

All the Justices concurring.