THE CITY OF KANSAS CITY *et al.* v. E. P. KIMBALL *et al.*

No. 11083.

1. CITIES—*Paving Assessments—Statutes Construed.* The provision of chapter 101, Laws of 1887 (Gen. Stat. 1889, ¶ 590, Gen. Stat. 1897, ch. 32, §§ 209–217), limiting the time for commencing suits to set aside or enjoin the collection of special assessments to pay for street improvements in cities of the first class to thirty days from the time the amounts of the assessments are ascertained, was not repealed by implication by chapter 73, Laws of 1891, and chapter 274, Laws of 1895.

2. ———— *Cases Followed.* The cases of *City of Argentine v. Simmons*, 54 Kan. 700, 39 Pac. 181, and *Doran v. Barnes*, 54 id. 238, 38 Pac. 300, reaffirmed and followed.

Error from Wyandotte court of common pleas; W. G. HOLT, judge. Opinion filed February 11, 1899. Reversed.

*T. A. Pollock*, city counselor, and *F. D. Hutchings*, city attorney, for plaintiffs in error.

*Angevine & Cubbison*, for defendants in error.

The opinion of the court was delivered by

DOSTER, C. J. : This was an action brought by E. P. Kimball and others, the defendants in error, against

the city of Kansas City and others, the plaintiffs in error, to enjoin the collection of certain assessments levied against the real estate of the defendants in error to pay for curbing and paving a certain portion of Waverly avenue in said city. The proceedings to charge the real estate in question with the lien of the assessments were had under chapter 73, Laws of 1891, as amended by chapter 274, Laws of 1895. (Gen. Stat. 1897, ch. 32, §§ 171, 172.) The grounds of the application for the injunction were that the petition to the mayor and council asking for the making of the improvement in question was not in fact "signed by the resident owners of a majority of the feet fronting or abutting upon such street to be improved," as required by section 6 of the act of 1891, as amended by section 1 of the act of 1895; nor did it, when presented to and acted upon by the mayor and council, purport to be so signed by such requisite number of qualified persons. Evidence upon both of these questions was introduced in the court below, upon the conclusion of which a general finding was made that the assessments were void and did not constitute a lien upon the lots against which they were levied. The record does not show whether this finding was made upon the ground that the petition was not in fact signed by the requisite number of resident owners, or upon the ground that it did not upon its face purport to be so signed. A perpetual injunction against the collection of the assessments was granted, and from the order therefor proceedings in error have been prosecuted to this court. The application for injunction was not made until more than thirty days after the amounts due on each lot liable for the assessments had been ascertained in accordance with the statutes above cited, and the plaintiffs

15—60 KAN.

in error contend that because thereof the action cannot be maintained. This contention is based upon the provision of limitation found in chapter 101, Laws of 1887 (Gen. Stat. 1889, ¶ 590, Gen. Stat. 1897, ch. 32, §§ 209–217), which reads as follows :

"No suit to set aside the said special assessments, or to enjoin the making of the same, shall be brought nor any defense to the validity thereof be allowed after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained."

To this the defendants in error reply that the act of 1887 was repealed by implication by the acts of 1891 and 1895. These later acts relate to the same general subject as that of 1887, to wit, improvements of the streets, avenues, alleys, etc., of cities of the first class, and the making of assessments to pay therefor. The contention of the defendants in error is that they contain new and different provisions from those of the earlier law, but relating to the same matters and covering the whole of the same general ground, and are, therefore, a substitute for the earlier enactment, and in consequence work a repeal by implication of all its provisions.

The rule undoubtedly is that when a later act covers the entire subject-matter of an earlier one and substitutes therefor new and repugnant provisions, they will be deemed to take the place of those of the former law, and will therefore accomplish its repeal by implication. (*Oil Co. v. Angevine*, ante, p. 167, 55 Pac. 879, and cases cited.) The acts of 1891 and 1895 do not, however, cover the entire subject-matter of the act of 1887 ; that is, they do not contain substituted provisions for all of those contained in the earlier law. They contain no provision of limitation such as the one above quoted

from the act of 1887, and the material inquiry therefore is, Are the later enactments to be regarded as substitutes for all of the act of 1887, or only for so much of it as is covered by the new and repugnant provisions?.

For the purpose of this inquiry we will assume that, outside of the limitation clause in the act of 1887, the later enactments cover the same general matter by the substitution of new and repugnant provisions, and therefore should be regarded as repealing the former by implication. As to this, however, there may be a serious question, and upon it we express no opinion. For the purpose of meeting the contention of the defendants in error we will assume the correctness of their premise, but by doing so the soundness of their conclusion by no means follows. The rule is well settled that repeals by implication are not favored, and that any reasonable construction which offers an escape from the conclusion of an implied repeal is to be preferred, because more likely to be in consonance with the real intention of the legislature. (Endlich, Interp. of Stat., § 210.) The theory of repeals by implication only applies in cases where the provisions of the earlier and later statutes in respect to like subjects are inconsistent, the old law being, in respect to all distinct and separable matter not covered by the later one, left in full force and effect. (Endlich, supra, § 205; Sutherland, Stat. Const., §§ 152–156.) In harmony with this rule it must be held that the laws of 1891 and 1895, containing no limitation of time upon the bringing of suits to set aside or enjoin assessments, and therefore not covering the entire ground of the act of 1887, did not repeal the limitation clause contained in that act. This view is further and greatly aided by the fact that the law of 1891 did in terms expressly repeal an earlier enactment

other than the law of 1887. That enactment was section 2 of chapter 34, Laws of 1883. So far as express repeals of earlier enactments is concerned, the law of 1891 limits its abrogative force to the act of 1883.

"The question of implied repeal being, after all, a question of implied intention, where the legislature expressly declares what effect, in the way of repeal, an act is intended to have, there is no room for any implication. It has even been held that a specific repeal by one statute of a particular section of another raises a clear implication that no further repeal is intended, unless there is an absolute inconsistency between other provisions of the two statutes." (Endlich, Interp. Stat., § 203.)

The defendants in error not having commenced their action within the statutory period, the remaining questions are easy of disposal. The law did not require the petition to the mayor and council for the making of the improvements in question to show upon its face that it was signed by the resident owners of a majority of the front feet to be paved. (*City of Argentine v. Simmons*, 54 Kan. 700, 39 Pac. 181.) The fact, if it were such, that the resident owners of a majority of the front feet did not in reality sign the petition did not appear upon it or upon other proceedings. Upon the face of the petition and other proceedings non-conformity to the law did not appear. In such cases the validity of the assessment cannot be challenged beyond the limited period allowed by the statute for so doing. (*Doran v. Barnes*, 54 Kan. 238, 38 Pac. 300.)

The objection made by the defendants in error to the consideration of the case for the reason that the record does not show the motion for new trial was made at the same term of court the judgment was rendered is unavailing. The record in respect to this

claimed defect is similar to the one considered in *Bank v. Miller*, 59 Kan. 743, 54 Pac. 1070, and the decision of that case is accordingly followed.

The judgment of the court below is reversed, with directions to proceed in accordance with this opinion.