The City of Kansas City *et al.* v. W. R. Trotter *et al.*

**No. 621.**   (59 Pac. 679.)

Cities—*Special Assessments—Limitation of Action.*   An action to enjoin the collection of assessments made by a city of the first class for grading a street must be commenced within thirty days from the time when the amount of the assessment is ascertained, where all the proceedings prior to and including such assessments appear to be regular.

Error from Wyandotte court of common pleas; W. G. Holt, judge. Opinion filed January 4, 1900. Reversed.

*T. A. Pollock,* and *F. D. Hutchings,* for plaintiffs in error.

*True & True,* for defendants in error.

The opinion of the court was delivered by

McElroy, J. : This action was brought by W. R. Trotter and others, defendants in error, against the city of Kansas City and others, plaintiffs in error, to enjoin the collection of certain special assessments levied against the real estate of the defendants in

error by the city of Kansas City on October 14, 1890, for the cost of grading a portion of Splitlog avenue in said city.   The proceedings to charge the real estate in question for the assessments was had under chapter 99 of the Laws of 1887.   The grounds of the application for an injunction were : That the pretended assessments are void for the reason that the mayor and council of the defendant city proceeded to make the same and charge the same to the abutting property on Splitlog avenue without any power or authority so to do ; that no petition signed by a majority of the resident property owners of a majority of the front feet abutting on said Splitlog avenue from Seventh to Tenth streets was presented to them as required by law ; that the petition presented was not signed by a majority of the resident owners of a majority of the front feet abutting on said street, and for that reason alone was insufficient to give the mayor and council jurisdiction and power to levy the special assessment against the property in question.

The defendant city demurred to the petition, which was overruled, and thereafter answered by a general denial, pleaded a compliance with all of the provisions of the law necessary to the validity of the assessment, and alleged that more than thirty days had elapsed after the ascertainment and levy of the assessment before the commencement of this action, and that the cause of action was barred by the five-year statute of limitations.   A trial was had before the court, without a jury, general findings made that the assessments were void and that they did not constitute a lien upon the lots against which they were levied; and a perpetual injunction was granted against their collection.   From this order proceedings in error have been prosecuted to this court.

There is only one question presented by the several assignments of error, and that is that the decision was contrary to the law and the evidence.

The petition to the mayor and council reads as follows:

"We, the undersigned, residents of Kansas City, Kansas, owners of the real estate described opposite our names, abutting upon Splitlog avenue, between Seventh street and Tenth street, would most respectfully petition your honorable body to grade said avenue, from Seventh to Tenth street, at the cost of the owners of land fronting upon said streets, etc., above described, as provided in section 4 of an act of the legislature entitled 'An act to amend sections 8, 9, 11, 13, 14,' etc., etc., 'of an act entitled "An act to incorporate and regulate cities of the first class and to repeal all prior acts,"' etc.   Approved March 5, 1887. And as in duty bound, etc., will ever pray."

It appears from the record not only that more than thirty days but that more than five years had elapsed after the ascertaining and levying of the assessments before the commencement of this action.   At the trial it was admitted

"That all proceedings of every kind and nature required by law to authorize the defendant city to levy, make, collect and enforce the assessments complained of in the plaintiffs' petition were duly had and performed, excepting only the presentation of a sufficient petition for the making of the improvements referred to in the plaintiffs' petition, the sufficiency of which petition is a matter of controversy herein."

The defendants in error also admitted that the mayor and council heard and considered the sufficiency of the petition for improvements, and that they found

"That said petition was signed by a majority of resident property owners of a majority of the front

feet on Splitlog avenue between Seventh and Tenth streets; that the petition was ordered spread upon the journal by a vote of a majority of the councilmen elect, and that it was duly spread upon the journal."

Chapter 101, Laws of 1887 (Gen. Stat. 1897, ch. 32, § 212; Gen. Stat. 1899, § 749), reads:

" No suit to set aside the said special assessments, or to enjoin the making of the same, shall be brought, nor any defense to the validity thereof be allowed, after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained."

The petition for the improvements was regular in form, and sufficient to start the thirty-day statute of limitations running.   The action of the council in passing upon the sufficiency of the petition, and in ordering the petition spread upon the journal, is conclusive as to the validity of the petition after the expiration of thirty days.   The question as to whether the petitioners were resident owners we presume required an investigation of facts; at least the council was entitled to investigate and to hear any evidence which was proper bearing upon this question.   The right and power to make these investigations and to decide the questions involved in the exercise of a jurisdiction not merely ministerial, but *quasi* judicial in its character, and the findings are conclusive upon the property owners, after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained.

All the questions presented by the record in this case have been determined against the contention of defendants in error in the cases of *Doran v. Barnes*, 54 Kan. 238, 38 Pac. 300; *Kansas City v. Kimball*, 60 id. 224, 56 Pac. 78; *City of Argentine v. Simmons*, 54 id.

15—9 KAN. APP.

699, 39 Pac. 181.  The authorities cited by defendants in error are not pertinent to the question under consideration.

The judgment must be reversed.