THE UNION PACIFIC RAILROAD COMPANY V. THE CITY OF KANSAS CITY *et al.*
No. 14,499.    (85 Pac. 603.)

THE UNION PACIFIC RAILROAD COMPANY V. THE CITY OF KANSAS CITY *et al.*
No. 14,500.    (85 Pac. 603.)

SYLLABUS BY THE COURT.

CITIES—*Public Improvements—Petition—Protest—Final Determination—Injunction—Limitation of Action.* Where a landowner who claims to be a resident of a city of the first class files with the city clerk a written protest against a petition for the improvement of a street, and the petition is regular on its face and purports to be signed by one-half of the resident owners of the land abutting upon the street to be improved, and the mayor and council consider the petition and protest and order the petition spread upon the journal, and proceed to cause the improvements to be made, their action is a final and conclusive determination of the sufficiency of the petition; and such landowner cannot question the validity of the proceedings in a suit to enjoin the assessments unless such suit is brought within thirty days from the time the amount of the assessment is ascertained.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed May 12, 1906. Affirmed.

*N. H. Loomis, R. W. Blair,* and *H. A. Scandrett,* for plaintiff in error.

*Edwin S. McAnany,* city counselor, and *Ralph Nelson,* city attorney, for defendants in error.

The opinion of the court was delivered by

PORTER, J.: Plaintiff in error brought these suits to enjoin the assessment and collection of special-improvement taxes for the grading, paving and curbing of Fifth street from Euclid avenue to Central avenue, in Kansas City, Kan. From a judgment refusing a permanent injunction plaintiff brings this proceeding in error.

The cause was tried upon an agreed statement of facts. The plaintiff's petition claimed that prior to the adoption of the resolution declaring the improvements necessary there had not been filed with the city clerk a petition signed by the resident owners of one-half of the land fronting or abutting upon the street asking that such improvements be made; that plaintiff, being a resident owner of a majority in front feet of the property liable to be taxed under the improvement, duly filed its written protest against the improvement, notwithstanding which the council proceeded to pass the ordinances and caused the improvements to be made.

A special objection to the validity of the proceedings was also made upon the ground that plaintiff was the owner of an irregular-shaped, unplatted piece of ground, a portion of which abuts on Fifth street a distance of 1725 feet. The other portion of said irregular-shaped tract is land which does not abut upon the street improved, but extends for a distance of about 1400 feet parallel with Fifth street, but distant there-

from 200 feet. This irregular tract was assessed as one entire tract of land.

Kansas City is a city of the first class. The claim is made that the thirty-day statute of limitations (Gen. Stat. 1901, § 766) bars plaintiff from raising any of the contentions relied upon to defeat these special-improvement taxes. The agreed statement of facts recites that the suit was commenced more than thirty days after the time of the ascertainment of, and levy of the assessment for, the cost of the improvement complained of; also, that the mayor and council had done all things necessary, so far as form is concerned, upon which to base the assessment.

The validity of an assessment for special improvements authorized by the mayor and council of a city of the first class, when the proceedings upon their face are regular in form, cannot be attacked by a suit to enjoin the collection and assessment unless the suit be brought within thirty days from the time the amount of the assessment is ascertained. (Gen. Stat. 1901, § 766; *Simpson v. Kansas City,* 52 Kan. 88, 34 Pac. 406; *Doran v. Barnes,* 54 Kan. 238, 38 Pac. 300; *City of Argentine v. Simmons,* 54 Kan. 699, 39 Pac. 181; *Arends v. City of Kansas City,* 57 Kan. 350, 46 Pac. 702; *Kansas City v. Kimball,* 60 Kan. 224, 56 Pac. 78.)

Plaintiff is a corporation organized under the laws of Utah, with its principal office in that state, but claims that, under the ruling in *The State v. Bogardus,* 63 Kan. 259, 65 Pac. 251, it is a resident of any city or county in which it operates its railway or exercises corporate franchises. It seeks to avoid the effect of the thirty-day statute of limitations by the argument that the mayor and council were without jurisdiction, and all the proceedings in reference to the improvement and the ascertainment and apportionment of the cost thereof were void, because the city and its officers had a list of the property-owners and a map showing the location of the land, and in addition knew

that the plaintiff was a resident of the city and owned a majority of the front feet of the land involved and had filed its written protest against the improvement. On the other hand it is contended that the plaintiff is not a "resident owner" of land in Kansas City, within the terms of section 730 of the General Statutes of 1901. The further contention is made that, if plaintiff be conceded to have been a resident at the time the petition for the improvements was presented, the determination of the mayor and council that the petition was signed by the requisite number of resident owners is conclusive; and that the railroad company lost its rights by failing to bring a suit within thirty days after the ascertainment and apportionment.

Without passing upon the question of whether a railway corporation which is a citizen of another state, with its principal office in that state, can be considered a resident of any city in this state in which it operates its railway or exercises corporate franchises, we are of the opinion that the determination by the mayor and council that a petition asking for the improvement contains the requisite number of signers is final and conclusive, unless a suit be brought within thirty days after the ascertainment and levy of the taxes. This also covers mere irregularities in the detail of the apportionment and levy of the tax, such as is claimed occurred with reference to a portion of the irregular tract of land, which was within less than 300 feet of the street improved.

The action of the mayor and council in determining the sufficiency of a petition has been said not to be final and conclusive in the absence of legislative provision to that effect. (2 Dill. Mun. Corp., 4th ed., § 800.) Our statute contains such a provision (Gen. Stat. 1901, § 733), which reads as follows:

"When hereafter the mayor and council of any city of the first class shall have ordered any petition presented to them for the paving, curbing or guttering of any street to be spread upon the journal, said order

shall in all respects be a final determination and conclusive evidence as to the sufficiency of such petition."

Plaintiff filed its written protest against the making of the improvement. It claimed to be a resident of the city, and it knew of all the objections to the proceedings which it now sets up against the assessments after the improvements have been made. Its claim for relief does not appear to be any stronger upon equitable grounds than that of an absent, non-resident owner who was in entire ignorance of the proceedings, but whose property was assessed and all right to object cut off by this thirty-day statute. After the expiration of thirty days the validity of the assessment cannot be attacked for any purpose, when the proceedings are regular on their face; and here the regularity is conceded.

The two cases were submitted together, and are in all respects similar, except that the question with respect to the assessment of the irregular tract of land is not involved in No. 14,500. The judgments are affirmed.

All the Justices concurring.