No. 30,987.

A. BUKATY et al., *Appellees*, v. CITY OF KANSAS CITY et al.,
*Appellants.*

(21 P. 2d 399.)

Opinion filed May 6, 1933.

*Alton H. Skinner, George H. West, John C. O'Brien, James K. Cubbison, William H. Towers, William Drennan* and *C. W. Trickett,* all of Kansas City, for the appellants.

*Thomas A. Pollock* and *J. E. Schroeder,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

SMITH, J.: This is an action to enjoin the issuing of tax bills to pay for the improvement of a street in Kansas City. Judgment was for plaintiffs. Defendants appeal.

The proceedings to improve the street were carried on under the terms of R. S. 1930 Supp. 13-1078 to 13-1089, commonly known as the tax-bill act. The petition alleged many defects in the proceedings. The answer of the defendant city and city officials described the proceedings in detail and denied that there was anything irregular in them. The answer further pleaded that plaintiffs were estopped from bringing the action to enjoin.

Trial was to the court. Findings of fact and conclusions of law were made. It is not deemed necessary to set out the findings of

fact in detail here. The defect in the proceedings upon which plain-tiffs rely is that the petition, which was filed as the first step in initiating the improvement, was not signed by resident owners of a majority of the real estate fronting on the street to be paved.

One of the conclusions of law is as follows:

"1. That the petition for the improvement in question was not signed by sufficient resident owners to confer jurisdiction upon the board of city com-missioners to make the improvement; that the insufficiency of the petition was apparent on its face."

The findings of fact upon this point cover a number of signatures that the court found were not made by the parties whose signatures they purported to be. The question of these signatures would be an interesting subject for study, but is not necessary to be answered in order to reach a decision in this case. The matter is settled by two of the findings of fact, which are as follows:

"3. One-half of the feet fronting or abutting on Eighth street between Central avenue and the south line of Vermont avenue was 1,141.6 feet. The petition was signed by resident owners of less than one-half of the feet front-ing or abutting upon Eighth street between the south line of Central avenue and the south line of Vermont avenue.

"4. At the time of the proceedings involved, all of the owners of all of the frontage on said Eighth street from Central avenue to the south line of Vermont avenue were residents of Kansas City, Kan., and all of the signers of said petition were residents of Kansas City, Kan. The total frontage signed for on said petition by resident owners was 555.5 feet, which was 586.1 feet less than one-half of the feet fronting or abutting upon said Eighth street owned by residents. Notations on the face of the second sheet of the petition, which the city engineer testified were made by him and were correct, and which were approved by the board of city commissioners (in lead pencil), are as follows:

"2 ) 2283.2
  1141.6 required,
  1201.7 signed,

  60.1 majority.
  C. E. P.—8/21/1930."

It will be noted that while these findings state the petition was signed by resident owners of less than one-half of the real estate fronting on the street to be paved, the petition contained notations from which the city commissioners must have concluded that the petition was signed by the required number of property owners. The petition in this case does not charge the city officers with any fraud or bad faith. The paving petition shows on its face that it was sufficient. Under such circumstances when the board, whose

duty it is to pass on matters of this kind, has passed on it and found the petition sufficient, in the absence of fraud or bad faith, that ends the matter. This question was dealt with in the case of *Kansas City v. Gray,* 62 Kan. 198, 61 Pac. 746. There the court said:

"So far as the petition to the mayor and council is concerned, it shows a conformity to the provisions of section 171 of chapter 32, General Statutes of 1897. There is a certificate by the city engineer, to which officer we presume the petition was submitted, stating that the same is signed by the owners of a majority of the front feet owned by residents abutting on Ann avenue between Sixth and Tenth streets, and a further certificate by the city attorney showing that the petition is signed by the parties having a legal right to sign for the property set opposite their names as shown by abstracts furnished by the city abstracters. These certificates, with the petition, were before the council when the prayer of the property owners was granted." (p. 200.)

See, also, *Doran v. Barnes,* 54 Kan. 238, 38 Pac. 300; *Kansas City v. Kimball,* 60 Kan. 224, 56 Pac. 78; *Hutchin v. State Highway Comm.,* 136 Kan. 702, 18 P. 2d 124. The latest case in which this rule is followed is *State v. City of Hutchinson,* 137 Kan. 231, 19 P. 2d 714. In that case an attack was made upon the action of the city commissioners in finding that some petitions seeking to call a franchise election were insufficient. The court said:

"As we have seen, the commissioners have expressly and formally found and declared that the petitions were insufficient to require the calling of the election. Was the finding and determination of the duly constituted commission of binding and conclusive force, or may there be a resort to the court to retry the issues of fact? Under what is deemed to be the settled law of this state, the decision of such a commission is final and conclusive in the absence of fraud or corruption or misconduct that is the equivalent of fraud. The court may not interfere with their decision because of a mere mistake or error of judgment on the part of the commission in reaching a decision." (p. 234.)

In this case the petition bore on its face the notation by the city engineer that it had the required number of signatures. It also bore the certificate of the city attorney to its sufficiency. The members of the board were not required to make an independent investigation into the circumstances under which each signature was made. We have concluded that the conclusion of law heretofore referred to in this opinion is not sustained by the findings and admitted facts.

Defendants pleaded and argue here that plaintiffs were estopped from attacking the regularity of the proceeding on account of the fact that they waited till the street was improved and the paving finished before bringing the action. On that question there is

nothing to distinguish this case from that of *Haffey v. Kansas City*, 136 Kan. 187, 14 P. 2d 729. That was a case from Kansas City. The work was done under the same statute and the same attack was made. The court said:

"This case is one for the application of the above principles. Here all the plaintiffs but one had actual knowledge that the street in front of their residences was being paved. They had actual knowledge that the work was being done under the 'tax-bill' act. They all had notice under the act of the time fixed to hear objections of lot owners as to the value of any lot as fixed by the appraisers. During all this time appellees stood by and watched the work being done, saw the contractor incur expense and their property improved to a greater extent than the cost of the assessments. It was the duty of these appellees to bring an action to stop the work from being done before so much expense had been incurred by the contractor, or in the words used in the reports 'before the position of the parties had so changed due to the failure of appellees to act on their rights that it would be inequitable and unjust to give them the relief sought for now.'" (p. 191.)

We see no reason for a distinction between that case and the one under consideration.

The judgment of the trial court is reversed with directions to enter judgment for defendants.