C. WAHLGREN v. THE CITY OF KANSAS CITY *et al.*

1. GRADING OF STREET — *Petition — Jurisdiction of City.* Where a petition for the grading of a street is presented to the mayor and council of a city of the first class, under the proviso of § 4, chapter 99, Laws of 1887, such petition is valid, although it does not contain a request for the grading and paving of the intersections; and when duly spread upon the journal such city has jurisdiction to make the improvement, and to assess and apportion the cost to the abutting property on such improved street.

2. TAX — *Jurisdiction — Irregularity — Action, Barred.* Where a street has been graded, the cost ascertained and assessed against the abutting property, although irregularly done, such irregularity does not affect the jurisdiction of the city, and all actions to correct such irregularity are barred after the lapse of thirty days from the assessment of the cost of the improvement on each lot.

3. TIME — *Valid Limitation.* The limitation of the time in which actions can be brought under the provisions of § 1, chapter 101, Laws of 1887, is valid and constitutional.

### Error from Wyandotte District Court.

ACTION brought by *Wahlgren,* to enjoin the collection of a special assessment levied to pay for the grading of a street. On February 23, 1889, the district court denied the plaintiff's application for a preliminary injunction, and to review this order he brings his petition in error. The facts are substantially as follows: A majority of the property-owners on Seventh street, between certain streets named, in Kansas City, Kansas, petitioned the city government to grade said street. The petition is as follows:

"*To the Honorable Mayor and Councilmen of the City of Kansas City* — GENTLEMEN : We, the undersigned residents of Kansas City, Kansas, and owners of real estate described opposite our names, abutting upon Seventh street between south line of Minnesota avenue south to its intersection of Fifth street, in the old town of Armstrong, petition your honorable body to grade the above-described street at the cost of the owners fronting on said street," etc.

This petition was duly presented to the city council, and by

the proper vote of the council was spread upon the journal. Afterward, estimates were made for the improvement or grading of a portion of said street, including the property of the plaintiff; the contract was let, the street graded, the value of abutting property duly appraised, the time fixed for the equalization of said appraisement and due notice thereof given, the cost apportioned to the various lot-owners. Plaintiff failing to pay his assessment, an ordinance was duly passed authorizing the issue of bonds for such improvement, in accordance with the provisions of §1 of chapter 101, Laws of 1887. An assessment was duly made to pay the bonds, and interest due thereon; and to enjoin the collection of this interest and tax this action was brought.

*True & Littick*, for plaintiff in error.
*Hutchings & Keplinger*, for defendants in error.

Opinion by CLOGSTON, C.: The one question to be determined is, is the plaintiff barred by the statute limiting the time in which to bring his action? The statute under which this bar is claimed is as follows:

"No suit to set aside the special assessments, or to enjoin the making of the same, shall be brought, nor any defense to the validity thereof be allowed, after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained." (Laws of 1887, ch. 101, §1.)

It is shown that the cost of the improvement was ascertained and assessed against the abutting property upon the street on the 27th day of August, 1887, and this action was brought in January, 1889. The defense to this claim is, that the city council had no power or jurisdiction to make the improvement and to assess the same upon abutting property — first, because the petition presented requesting such grading was insufficient to give the city jurisdiction; second, that the city never legally ascertained the cost of the improvement and legally assessed

the same upon the abutting property. The statute under which this petition was presented is as follows:

"That in case a petition of a majority of the resident property-owners of a majority of the front feet on any street, or part thereof, shall petition the mayor and council to grade any street, and to grade and pave the intersections thereof at the cost of the owners of the lands fronting upon the street described in the petition, and if such petition shall be ordered spread upon the journal of the council by a majority of the council elect, the mayor and council shall thereafter have power to assess the cost of such improvement against the lots and parcels of land abutting on such street so improved abutting property." (Laws of 1887, ch. 99, § 4.)

Was the petition sufficient? It is claimed that because the petition does not ask for grading and paving the intersections of the street, that therefore the city had no authority to act. Or, in other words, the petition, to be valid, must contain a request for the entire improvement named. This calls for a construction of § 4. What the legislature meant the petition to contain, is difficult to ascertain. The object was to permit property-owners to improve streets without expense to the city, and the kind of improvement authorized was to grade a street or part of a street, and to grade and pave the intersections. To say that if it was necessary to grade and open a street, to accomplish this there must be coupled therewith the paving of the intersections, would be an anomaly in the history of city improvements. To have a street graded and the intersections paved, without paving the remainder of the street, would be inconsistent, and such a construction as would require it ought not to be given if it can be fairly avoided. The grading of a street would include the grading of the intersections.

The petition being valid, and duly spread upon the journal of the city, gave jurisdiction to make the improvement, to ascertain the cost, and to assess the same to the abutting property. The means and manner of doing the work, the ascertainment of the cost, the apportionment between abutting property-owners, even if irregularly made and done, do not

affect the jurisdiction of the city. Where jurisdiction is once obtained, irregularities can only be corrected in the manner and within the time prescribed by statute; and the time having been fixed by statute within which to bring an action to correct such irregularities, it must govern.

Plaintiff however insists that the statute limiting the time to thirty days within which to bring the action is unconstitutional, for the reason that the time is too short. This, if true, might be a good reason to change the law. The fixing of a time when a cause of action will be barred, or in which actions may be brought, is in the discretion of the legislature, and will rarely be disturbed by courts. (*Price v. Hopkin,* 13 Mich. 318; *Jackson v. Lamphire,* 3 Pet. 280; *Swickard v. Bailey,* 3 Kas. 512; *Plum v. Fond du Lac,* 51 Wis. 393; *Smith v. Cleveland,* 17 Wis. 583; *Wright v. Tacoma,* 19 Pac. Rep. 42; Cooley, Const. Lim., p. 366, and note.) We think thirty days' limitation not such a restriction upon the rights of litigants as calls for interference on the part of courts.

It is therefore recommended that the judgment of the court below be affirmed.

By the Court: It is so ordered.

All the Justices concurring.