THE CITY OF TOPEKA *et al.* v. G. G. GAGE *et al.*

PAVING STREET — *Tax — Injunction — Bar.* An action to enjoin the collection of an assessment made by a city of the first class to curb and pave its streets must be commenced within thirty days from the time when the amount of such assessment is ascertained, or the action will be barred by § 1, chapter 101, Laws of 1887. (*Wahlgren v. Kansas City*, 42 Kas. 243.)

*Error from Shawnee District Court.*

INJUNCTION. The case is stated in the opinion.

*S. B. Isenhart,* city attorney, for plaintiffs in error The City of Topeka, and Byron Roberts as Treasurer of Shawnee County; *W. A. S. Bird,* for plaintiffs in error The Capital City Vitrified Brick and Paving Company, and James Ramsey.

*A. Bergen,* for defendants in error.

Opinion by STRANG, C.: This was an action commenced in the court below November 21, 1889, to enjoin the city of Topeka, James Ramsey, Byron Roberts as treasurer of Shawnee county, and the Capital City Vitrified Brick and Paving Company, from paving Van Buren street between Third and Eighth streets, under a contract entered into between said city of Topeka and James Ramsey, dated August 1, 1889. Answers were filed by the several defendants, setting forth, first, a general denial; second, the regularity of the successive and necessary steps showing the necessity, propriety and legality of the contract between the city of Topeka and James Ramsey for the paving of said street; and third, the statute of limitations. To which answers the plaintiffs replied; and on the 9th day of December, 1889, the case came on for trial, resulting on the 12th day of December in a judgment for the plaintiffs; to which each of the defendants duly excepted. December 13th the several defendants filed their motions for a new trial, which motions were overruled,

and the ruling duly excepted to, and the case brought to this court for review.   March 11, 1889, the city council adopted a resolution declaring the necessity of paving Van Buren street, which resolution was duly published.   Afterward, the city engineer was instructed to prepare plans, specifications and estimates for curbing and paving said street; and on July 19th the city clerk was directed to advertise, and did advertise, for sealed proposals for the work of paving said street.   The proposals were received and opened July 23, 1889; the bid of James Ramsey was accepted, and the contract therefor awarded to him, and the council instructed the mayor to enter into a contract with said Ramsey therefor.   Afterward, appraisers were appointed, and the property liable for the improvements was appraised.   The council met, and adopted and confirmed the said appraisement.   An ordinance was then passed fixing the rate of the levy to be assessed against each lot and piece of ground liable to pay the cost of said improvement.   The city clerk afterward computed the amount of the assessment, and gave the owner of each lot or piece of ground notice of the amount of the assessment.   This notice was given the defendants as early as the 12th of September, 1889, and this suit was not commenced until November 21, 1889; and the plaintiffs in error allege that the statute of limitations provided for in cases like this had run, and that the case of the defendants in error, if any they had, was barred.

Section 1 of chapter 101, Laws of 1887, among other things provides that—

"No suit to set aside said special assessments, or to enjoin the making of the same, shall be brought, nor any defense to the validity thereof be allowed, after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for snch assessment is ascertained."

The language of this statute is such as to leave little or no room for construction.   Its provisions are plain, direct, and positive, and seem sufficiently broad to cut off all defenses not asserted within the period of time named therein.   It says *no* suit shall be brought nor *any* defense allowed after the ex-

piration of thirty days from what? From the *time* the amount due on each lot is *ascertained.* It not only declares that no suit shall be brought to set aside or enjoin the making of the assessments, but provides that *no defense to the validity thereof shall be allowed* after thirty days from the time the assessment is ascertained.

However, the defendants, plaintiffs below, insist that at the time the contract was entered into between the city and Ramsey, two of the councilmen representing the city had a pecuniary interest in said contract, which rendered it null and void; that said fraud was concealed from and unknown to the plaintiffs below until October 29, 1889, when Ramsey assigned said contract to the brick and paving company; and that because of said concealment of the fraud the statute of limitations did not commence to run until said 29th of October, a time within thirty days before the suit was commenced, and that therefore the suit is not barred by said statute. We hardly think this position is tenable. The legislature has provided a special statute of limitations for these cases, and any fair construction of its provisions is against this position. It would have been easy for the legislature to so word the statute as to cut off all defenses except for fraud, and to say that the statute should run as against fraud from the time of its discovery. This is done in the general statute of limitations; but there is nothing of the kind in this statute. And as the legislature was providing a special statute of limitations, different from the general statute, we must presume that it intended it to have the effect it said it should have, and cut off all defenses of whatever kind or character. This may be a harsh rule, but that fact does not furnish a reason why we should not construe the statute as it is, though it may furnish a reason why the legislature should modify it.

In this case it was claimed that the amount assessed against the several lots liable for the improvement sought to be made was not properly ascertained; that it was ascertained by the city clerk instead of by the council. The record shows that on the 6th of September, 1889, the city council passed an

ordinance levying the special assessment complained of, which ordinance was approved September 7th and published September 12th. This ordinance fixed the rate of the levy, and all that remained to be done was to compute the amount of the assessment upon each lot or piece of ground at the rate designated in the ordinance; and the ordinance directed the clerk to make the computation. We think the clerk had authority to make the computation, and the assessment so made was properly ascertained. In this case, it is not shown that the contract was let at an unfair or extravagant price for the work; so it would seem that the plaintiffs below will suffer no injury from the execution of this contract, and in fact it appears in the record that one of the plaintiffs has, since the action was commenced, paid her assessment, showing that she has become satisfied with the proposition to improve the street under the contract sought to be enjoined in this case. At all events, we think the action was barred by the statute, and therefore recommend that the judgment of the district court be reversed.

By the Court: It is so ordered.

All the Justices concurring.