JOHN A. DORAN, *as Treasurer of Sedgwick County, et al.,*
v. OSCAR D. BARNES.

STREET PAVING—*Assessment*—*Suit to Enjoin Collection*—*Time for Commencement.* An action to enjoin the collection of an assessment made by a city of the first class in paving a street must be commenced within 30 days from the time when the amount of the assessment is ascertained, if all the proceedings prior to and including such assessment purport to be regular and apparently confer full jurisdiction upon the mayor and city council to order the paving complained of. (Gen. Stat. of 1889, ¶ 590; Laws of 1887, ch. 101, § 1; *City of Topeka v. Gage*, 44 Kas. 87.)

*Error from Sedgwick District Court.*

WICHITA, being a city of the first class under the laws of the state in force in the year 1893, paved a portion of Douglas avenue, one of the principal streets in that city, at the cost of $78,000, by making a special assessment against the premises within the paving district. *Oscar D. Barnes* was a lot owner on the avenue. On the 6th day of March, 1893, a petition was presented to the mayor and council asking that a portion of Douglas avenue be paved. On the 13th day of March, 1893, the petition was by resolution ordered spread upon the journal, the council having found that the petition was signed by the owners of a majority of the front feet abutting on the avenue. At the same time, the mayor and council of the city passed a resolution declaring it necessary to pave the avenue, within the points mentioned, and the resolution was duly published in the Wichita *Daily Eagle,* the official paper of the city, for six consecutive days thereafter, the first publicaton being made March 18, 1893. On the 17th day of April, 1893, the engineer's sworn estimates for paving the avenue were received and adopted by the council. On May 1, 1893, the city clerk was instructed to advertise for proposals for paving the avenue, and did advertise for bids for the paving. On May 8, 1893, the bids were opened and the contract awarded to the Barber Asphalt Company,

the lowest bidder. On the 9th day of June, 1893, appraisers were appointed by ordinance to appraise the real estate liable for special assessments for paving the avenue. On July 10 the appraisers submitted their report, and on July 14 the mayor and council, as a board of equalization, confirmed and adopted the report. On July 20, 1893, the city clerk of the city gave the various property owners who owned property liable for special assessment 30 days' notice in writing of the amount of such special assessment levied against their respective properties. On August 14, 1893, an ordinance was passed apportioning and making a special assessment for the paving improvements, and fixing the number of installments in which the said assessments should be made. After the expiration of 30 days from the time of the giving of this notice of the amount of the special assessments levied against the respective property owners on said avenue, the city issued its improvement bonds in the sum of $78,000 to pay for the paving, and the bonds were delivered long prior to the commencement of this action. On the 16th day of December, 1893, *Oscar D. Barnes* commenced this action to enjoin the collection of the tax levied upon a portion of the property abutting upon the avenue to pay for the improvements. The injunction was granted by the district court. *John A. Doran*, as county treasurer of Sedgwick county, and others, bring this case here for review.

*A. J. Myatt, W. E. Stanley*, and *Hallowell & Hallowell*, for plaintiffs in error.

*T. B. Wall*, and *J. M. Humphrey*, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: It appears from the agreed statement of facts that Oscar D. Barnes, now complaining of the special assessment levied upon his property abutting on Douglas avenue, in Wichita, lived in that city during the time of all the proceedings relating to the paving; that he signed the names of M. P. Barnes & Son to the petition for 275 feet;

that 275 feet was a greater amount of abutting front feet than he had authority to represent; that he was doing business upon the street proposed to be paved; that he took the official paper of the city; that all the proceedings of the mayor and council concerning the paving were published therein; that he knew of the paving of the street; that he knew a special assessment would be made upon the abutting property to pay for the improvement; that while the question of paving of the street was being considered by the mayor and city council, he waited upon members of the council, and urged them to vote for asphalt paving; that two of the members waited upon by him *changed their votes and voted for asphalt;* and that the paving enhanced the value of his property.    It also appears that he did not know of the defects in the petition presented to the mayor and council until a few days before the commencement of this action.

On the part of Barnes, it is insisted, as it was shown upon the trial that the petition was not signed by the owners of a majority of the front feet abutting on Douglas avenue, that the mayor and council acted without jurisdiction. (Gen. Stat. of 1889, ¶ 558; Laws of 1891, ch. 73, § 6.)    Section 6 reads:

"*Provided,* That no resolution to pave, macadamize or grade, repave, remacadamize or regrade any street, lane or alley, shall be valid unless a petition, asking for such improvement has been ordered spread upon the journal, which petition must be signed by the owners of a majority of the front feet abutting upon such street, lane or alley to be improved."

The contention of the defendants below is, that the action is barred, because not commenced within 30 days from the time the amount of assessment was ascertained.    Paragraph 590, Gen. Stat. of 1889, prescribes that

"No suit to set aside the said special assessments or to enjoin the making of the same, shall be brought, nor any defense to the validity thereof be allowed, after the expiration of 30 days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained." (Laws of 1887, ch. 101, § 1.)

It appears from the record that the total number of feet between the points to be paved on Douglas avenue fronting thereon is 6,757; that the petition presented to the city council asking for a portion of the street to be paved purported to represent 3,498 feet; that the petition, in order to have a majority of the feet represented between the points proposed to be paved, ought to have contained more than 3,378 feet; that the petition presented purported to represent 120 feet in excess of a majority. Counting the 275 feet signed to the petition by plaintiff below, it appeared, when tested in the trial court, that the number of feet actually represented upon the petition was less than a majority of the abutting front' feet. We have no inclination to change the ruling of this court that such inferior jurisdictions as boards of county commissioners and city councils, in their proceedings, are to be held to the strict limit of their authority as conferred and prescribed by the statute. (*Comm'rs of Wyandotte Co. v. Barker*, 45 Kas. 699, and the decisions cited.) But in this case it does not affirmatively appear upon the face of the petition that it is not signed by a majority of the owners of the front feet abutting on the street to be paved. The agreed statement of facts shows that in some instances the owner of the property did not sign his name to the petition in person, but the question was fairly presented to the mayor and city council that the signatures were made by authority. The mayor and council examined the petition. Upon the hearing thereof, they found that it was signed by the owners of a majority of the abutting front feet, even after omitting 100 feet therefrom. With this omission, there was 3,398 feet represented. They ordered the petition spread upon the journal.

At the time the amount due on each lot or piece of ground liable for the assessment was ascertained, all the proceedings relating to the paving and assessment were apparently regular and valid. We are therefore of the opinion that ¶ 590 of Gen. Stat. of 1889 is applicable, and that this-action ought to have been commenced in the court below within 30 days from

Street paving— assessment— suit to enjoin collection— time for commencement.

the time the amount of the assessment was ascertained. (*City of Topeka v. Gage,* 44 Kas. 87.) In that case the fraud which rendered the proceedings null and void was unknown to the lot owner at the time the assessment was ascertained, and it was urged, on account of the concealment of the fraud, that the 30 days' statute of limitations did not apply. This court held that position not tenable. In this case the lot owner had the opportunity, at the time the petition was presented to the mayor and council for consideration, to examine and ascertain whether the parties signing the same acted with authority. He also had ample opportunity, prior to the time that the amount of the assessment was ascertained, to have called the attention of the mayor and city council to any insufficient signing. He did not do this, but waited more than 30 days after the assessment was ascertained before attacking the petition or any of the proceedings. (*Wahlgren v. Kansas City,* 42 Kas. 243; *Hammerslough v. Kansas City,* 46 id. 37, 41; *Lynch v. Kansas City,* 44 id. 453; *Marshall v. City of Leavenworth,* 44 id. 459.

The equities in this case are against the lot owner. He was anxious to have the portion of Douglas avenue referred to in the petition paved. He signed the petition to have the work done. He was so anxious to have it done that he misrepresented to the mayor and council the actual amount of front feet abutting upon the street controlled by him. He wanted asphalt used for paving, and urged upon two members of the city council to vote for this paving; the improvement enhanced the value of his lots; and then, by legal proceedings, he attempted to throw upon the property owners of Wichita the expense of improving his own property. He makes no complaint of the work, which he was so anxious to have done, but, on account of defects shown upon the trial, attempted to shift upon others the burden which fairly and justly should be borne by himself. This court has ruled that a tax deed void upon its face does not start the statute of limitations, but has also ruled that if the tax deed is regular and valid upon its face, the limitation of the statute ap-

plies, even if the tax proceedings are not valid. (*Jordan v. Kyle*, 27 Kas. 190; *Edwards v. Sims*, 40 id. 235; *Smith v. Jones*, 37 id. 292.)

The judgment of the district court will be reversed, and the cause remanded, with direction to the trial court to render judgment upon the agreed statement of facts in favor of defendants below, plaintiffs in error here.

All the Justices concurring.