## J. W. THOMPSON v. C. W. BEELER.

**No. 13,657.**  (77 Pac. 100.)

SYLLABUS BY THE COURT.

1. PRACTICE, DISTRICT COURT—*Amendment from Conversion to Accounting Not Permissible.* The petition in an action brought by a partnership to recover damages for the conversion of property belonging to it cannot be so amended, after dissolution of the firm, as wholly to abandon that action and to substitute a member as plaintiff and state a cause of action in his favor for an accounting of the partnership business between such member and the defendant.

2. LIMITATION OF ACTION—*Provision When First Action Fails.* An examination of the record in this proceeding shows that the petition in the first action could not have been so amended as to make that action sufficiently of the nature of this one to save to this plaintiff the benefit of the year allowed for the commencement of a new action when the first one has failed otherwise than on its merits.

Error from Marion district court; O. L. MOORE, judge. Opinion filed June 11, 1904. Affirmed.

*Keller & Dean,* for plaintiff in error.

*F. Dumont Smith,* for defendant in error.

The opinion of the court was delivered by

GREENE, J. : The petition in this action alleged, in substance, that the plaintiff and one W. E. McCrea were copartners doing business under the firm name and style of McCrea Brothers & Thompson, engaged exclusively in the business of raising cattle ; that in January, 1893, they were the owners of 500 head of cattle, plaintiff having a one-third interest and W. E. McCrea a two-thirds interest therein ; that in January, 1893, without the knowledge or consent of plaintiff, and for the purpose of securing his individual debt, W. E. McCrea gave a mortgage on all the cattle to the

First National Bank of Kinsley, Kansas, for $3200, and on the 10th day of May, 1893, without the knowledge or consent of plaintiff, gave a second mortgage upon 373 head of said cattle to defendant, C. W. Beeler, for $2500, to secure his individual debt; that in October, 1893, defendant Beeler purchased the mortgage given to the bank with full knowledge that it had been given to secure the individual indebtedness of W. E. McCrea, and afterward Beeler took possession of the cattle and pretended to sell them to himself under said mortgages, shipping them to Kansas City, Mo., where he sold them on his own account and received the money therefor, without the knowledge, consent or authority of the plaintiff or the firm, and by reason of such acts Beeler became liable to account to the plaintiff for the proceeds of the cattle in the same manner and to the same extent as W. E. McCrea would have been, had he sold the cattle. The plaintiff, J. W. Thompson, prayed for an accounting of the affairs of McCrea Brothers & Thompson and for a judgment against the defendant, C. W. Beeler, for whatever amount might be found due plaintiff by reason of his interest in the firm.

For the purpose of tolling the statute of limitations it was alleged that on the 6th day of April, 1896, the plaintiff, under the name of McCrea Brothers & Thompson, commenced an action against the defendant in the district court of Edwards county to recover on the same cause of action described in this petition, which failed otherwise than on its merits October 7, 1897. This action was begun December 18, 1897. The Honorable J. D. Milliken, as referee, found that there was due the plaintiff from the defendant the sum of $5246.77 by reason of his interest in the partnership property, but held, as a conclusion of law,

that this action was barred by the statute of limitations. This report was approved by the court and judgment rendered thereon for the defendant for costs.

The one question is whether the present action was barred by the statute of limitations. If the first action tolled the statute, the present one was not barred. The petition in the former action was entitled " W. E. McCrea, Robert McCrea, and J. W. Thompson, partners as McCrea Brothers & Thompson, plaintiffs, v. C. W. Beeler, defendant." After alleging the partnership of the plaintiffs and the interest of each in the firm, it proceeded as follows :

"That in the month of October, 1893, the said plaintiffs were the owners and in possession of the following personal property situated and kept in the counties of Edwards and Pawnee, in the state of Kansas, to wit : five hundred of steer cattle of various ages and brands, which said cattle were of the aggregate value of ten thousand dollars ; that in the month of October the said defendant, without any right or authority, wilfully and unlawfully took possession of said cattle and converted the same to his own use and benefit, and to this day keeps and retains the same, whereby the defendant became and is liable to these plaintiffs for the value thereof ; that by reason of the foregoing facts the said defendant is indebted to plaintiffs in the sum of ten thousand dollars ($10,000).

"Wherefore, the said plaintiffs pray judgment against said defendant for the said sum of ten thousand dollars and costs of this suit."

It is not claimed that the first action would toll the statute unless the petition could have been so amended as to plead the cause herein sued on. No such amendment was made or offered. In order that the plaintiff might have obtained in that action the relief sought in the present one, it would have been necessary to

amend the petition by striking out the plaintiff and substituting in lieu thereof J. W. Thompson; by striking out the allegations of the continuance of the partnership of McCrea Brothers & Thompson and the conversion of the property by Beeler and inserting the affirmative allegations that the firm had been dissolved and that Thompson was the owner of an undivided one-third interest of the firm property, and that Beeler owned the other two-thirds interest; by alleging that Beeler was in possession of all the partnership property and denied plaintiff the right to participate therein; and by such other formal allegations as are necessary in such pleading to have the debts of the partnership ascertained and paid out of the partnership property and the remainder distributed equally between those entitled to participate therein, according to their respective interests.

The first action was by the firm to cover into the partnership treasury the value of certain property belonging to the partnership which, it was alleged, had been converted by Beeler. If that action had succeeded the proceeds would have gone into the funds of the firm and used in payment of its liabilities, or, if none existed, divided between the partners. If the petition had been amended as suggested and the action on the amended petition succeeded, the recovery would have gone into the pockets of Thompson. The necessary amendments would have substituted Thompson for the plaintiffs, and a cause of action for an accounting between partners for a cause of action for the conversion of partnership property, and would have changed the subject of action from a herd of cattle to the winding up of a partnership. The original action was not Thompson's—it was the action of the firm of McCrea Brothers & Thompson, composed of the

30—69 KAN.

three people. By what right could Thompson have had himself substituted as plaintiff in an action to which he was not a party except by representation, and only as a member of a firm?

If the theory advanced by plaintiff, that a certain member of a firm may, upon his own application, be substituted for the partnership as plaintiff in an action, and so amend the petition as to plead an entirely different cause of action in his own behalf, then each of the other members of the firm may do the same thing. A defendant sued by a partnership may be subjected to as many different lawsuits as there are members of the firm if by chance each had, or thought he had, some claim against him, and each cause of action be different from that stated in the original petition, involve a different subject, and require different relief. Notwithstanding the liberal provisions of the code in regard to amendments, it is not possible that it contemplated such a departure from the original action by way of amendment as is contended for by the plaintiff.

The judgment of the court is affirmed.

All the Justices concurring.