THE CITY OF KANSAS CITY *et al.* v. JAMES
McGREW *et al.*

No. 15,590.   (96 Pac. 484.)

SYLLABUS BY THE COURT.

TAXATION — *Special Assessments — Injunction — Limitation of Actions.* Section 130 of chapter 122 of the Laws of 1903, which forbids any action or suit to be maintained for the purpose of enjoining any special assessment for public improvements after the expiration of thirty days from the time the amount of such assessment is ascertained, applies to cases where the assessments have been relevied, and notwithstanding the suit to enjoin is based upon a judgment holding the original levy void.

Error from Wyandotte district court; WILLIAM G. HOLT, judge. Opinion filed June 6, 1908. Reversed.

*J. W. Dana,* and *T. A. Pollock,* for plaintiffs in error; *H. L. Alden,* city counselor, and *Ralph Nelson,* city attorney, of counsel.

*George Monahan,* and *Samuel Maher,* for defendants in error.

The opinion of the court was delivered by

PORTER, J.: This is a suit by property owners to enjoin assessments relevied by the city of Kansas City on account of the cost of a certain sewer. The ordinance relevying the assessments complained of was first published August 24, 1906. The suit was not begun until November 1, 1906. Under the authority of

*Railroad Co. v. Kansas City*, 73 Kan. 571, 85 Pac. 603, this was too late. Section 130 of chapter 122 of the Laws of 1903 reads:

"No suit nor action of any kind shall be maintained in any court to set aside or in any way contest or enjoin the levy of any special assessment for constructing or repairing any sidewalk, pavement, sewer or any other public improvement after the expiration of thirty days from the time the amount due on each lot or piece of ground liable for such assessment is ascertained."

The statute clearly applies with equal force to cases where the assessments have been relevied as it does to those where originally levied, and the fact that the suit is based upon a judgment holding the original levy void makes no difference. The language of the statute limiting the time in which such suits may be commenced is not open to any other construction. The proceedings to relevy usually consist of the passage of an ordinance, and nothing more. If it is regular, the proceedings on their face are likewise regular. As was said in *Railroad Co. v. Kansas City, supra:* "After the expiration of thirty days the validity of the assessment can not be attacked for any purpose, when the proceedings are regular on their face." (Page 575.) The demurrer should have been sustained.

The judgment is reversed and the cause remanded, with directions to enter judgment for the defendants.