No. 18,671.

B. ROCKWELL, *Appellee*, and BERNARD O'MALLEY et al., Intervenors, *Appellants*, v. THE CITY OF JUNCTION CITY et al., *Appellees*.

### SYLLABUS BY THE COURT.

1. INJUNCTION—*Paving Assessments—Action Barred by Thirty-day Statute of Limitations*. An action was brought by a property owner to enjoin the making of a special assessment to pay for the paving of a street. More than thirty days after the assessment was ascertained other property owners intervened in the action and asked to enjoin the assessments made upon their property. *Held*, that the action begun by the original plaintiff before the thirty-day statute of limitations had run did not inure to the benefit of the intervening plaintiffs who came into the case after the expiration of the statutory period.

2. SAME—*Petition for Paving—Construction of Statute*. The word "shall" as used in section 1420 of the General Statutes of 1909, to the effect that when resident property owners petition for the improvement of a street the city council shall cause the work to be done, is not used in its imperative sense, but is construed to mean "may."

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion filed June 6, 1914. Affirmed.

*Lee Monroe*, of Topeka, and *W. S. Roark*, of Junction City, for the appellants.

*I. M. Pratt*, of Junction City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: On March 4, 1911, B. Rockwell began an action to enjoin the city of Junction City from paving a street in front of his abutting lots and from collecting a special assessment levied upon them. He challenged the sufficiency of the petition upon which the mayor and council of the city had acted, and also the validity of the statute under which the proceedings were taken. Upon a trial judgment was rendered in favor of Rockwell, but while the case was pending in this court upon an appeal taken by the city a settlement was effected between the parties, and the appeal was dismissed. On June 14, 1911, the day on which the district court rendered its decision in favor of Rockwell, Bernard O'Malley, E. W. Roediger and W. O. Mullins filed a petition of intervention, alleging substantially the same facts and setting up the same grounds for injunction that had been pleaded by Rockwell. In its answer to the intervenors' petition the city alleged, among other things, that the ordinance authorizing the special assessment was passed on March 13, 1911, and that as the proceeding of the intervenors was not commenced until June 14, 1911, more than ninety days after the enactment of the city ordinance by which the assessment due on each lot was ascertained and the liability of the owner fixed, it was barred by the statutory limitation which prohibits the bringing of any action to set aside an assessment which is not begun within thirty days after such assessment is ascertained. While the court allowed the filing of intervenor's petition, it finally sustained the contention of the city and held that the action of the intervenors was barred by the thirty-day statute of limitation. The validity of this ruling is the principal question upon this appeal.

The statute provides that: "No suit to set aside the said assessments shall be brought after the expiration

of thirty days from the time the amount due on such lot liable for such assessment is ascertained." (Gen. Stat. 1909, § 1420.) This limitation is valid and covers all irregularities and defects in the proceedings. It is contended that by reason of the insufficiency of the petition the mayor and council had no jurisdiction to act, and that therefore the thirty-day statute of limitation did not begin to run, but it has been often held that such defects are waived and cured by the limitation. (*Wahlgren v. Kansas City*, 42 Kan. 243, 21 Pac. 1068; *Doran v. Barnes*, 54 Kan. 238, 38 Pac. 300; *Railroad Co. v. Kansas City*, 73 Kan. 571, 85 Pac. 603.) It has been ruled that the statute applies and cuts off defenses that the improvement proceedings are void by reason of fraud or other defects. (*City of Topeka v. Gage*, 44 Kan. 87, 24 Pac. 82; *Kansas City v. McGrew*, 78 Kan. 335, 96 Pac. 484.)

The contention that the action begun by Rockwell before the bar of limitation was complete inured to the benefit of the intervening appellants can not be sustained. While all of the owners of property abutting on the street to be improved might have united in an action, each would have been seeking to enjoin the levying of an assessment on his own particular property, and an order of injunction in favor of Rockwell would not have relieved the property of the appellants from the assessment. There was no privity of estate or community of interest between appellants and Rockwell, and hence the intervention of appellants did not relate back to the commencement of the action by Rockwell. Each was entitled to attack the proceedings for the protection of his own property within the thirty-day period, and until he did intervene the statute of limitation continued to run. In *Toby v. Allen*, 3 Kan. 399, an action was brought to recover on a note and to foreclose a mortgage. A defendant against whom a judgment was rendered upon service by publication intervened and procured an opening up of the judgment, and then set up another note and a subsequent

mortgage given by the same party on the same premises and claimed a recovery against a codefendant, and it was held that while he had the right to intervene and set up his claim in the action, the statute of limitations did not cease to run until his application was made. In another case a property owner brought an action against a railroad company to recover for the appropriation of a street in front of his property which prevented ingress and egress to and from his premises. After the limitation period had expired the plaintiff sought to bring in another railroad company, charging that it had conspired with the first in the appropriation of the street, and it was held that the statute of limitations had continued to run as to the new defendant until it had been brought in, and that the action was therefore barred. (*Anderson v. Railroad Co.,* 71 Kan. 453, 80 Pac. 946. See, also, *Insurance Co. v. Bullene,* 51 Kan. 764, 33 Pac. 467; *Thompson v. Beeler,* 69 Kan. 462, 77 Pac. 100; *Insurance Co. v. Buford,* 8 Kan. App. 36, 54 Pac. 6.) *Maurer v. Miller,* 77 Kan. 92, 93 Pac. 596, 15 A. & E. Ann. Cas. 663, is cited as an authority sustaining the claim that the bringing of the action by Rockwell inured to the benefit of the subsequent intervenors. That was an action to contest a will; a proceeding *in rem* which affected the interests of all the parties who had an interest in it. That was a case where there was community or privity of interest between the intervenor and the other parties, as the will was an indivisible thing and the judgment on the contest either established it as a whole or wholly set it aside. In a case note in 15 A. & E. Ann. Cas. 664, many cases are cited to the effect that if an action is begun before the statute of limitations has run it will inure to the benefit of persons who intervene after the time when an action would be barred, providing there is a community of interest or privity of estate existing

between the intervenor and the other plaintiffs; but it is also added:

"Where no community of interest or privity of estate exists between the intervener and another party or parties to the original action, the commencement of the action before the statute of limitations has run does not inure to the benefit of a person who intervenes after the time when an action would be barred." (p. 665.)

Other cases bearing upon the question are: *Mason v. City of Chicago,* 163 Ill. 351, 45 N. E. 567; *Dunphy v. Riddle et al.,* 86 Ill. 22; *Burleson v. Burleson,* 28 Tex. 383; *Forrey v. Holmes,* 65 Mo. App. 114; *Jaicks v. Sullivan,* 128 Mo. 177, 30 S. W. 890.

It is contended that the statute under which the street was improved is unconstitutional in that it delegates legislative authority to the petitioners, and is therefore invalid. This contention is based on the language of the section, wherein it provides that whenever three-fourths of the resident property owners fronting on a street shall petition the council for an improvement the council "shall" cause it to be made. (Gen. Stat. 1909, § 1420.) The word "shall" is often used interchangeably with "may," and may very well be so construed where to give it the compulsory meaning would strike down the statute in which it appears. (*Bank v. Lyman,* 59 Kan. 410, 53 Pac. 125; *The State v. Franklin County,* 84 Kan. 404, 114 Pac. 247.) A similar question was before the court in *Salt Co. v. Hutchinson,* 72 Kan. 99, 82 Pac. 721, and it was there held that the term should be treated as directory, as that meaning seemed to be more in harmony with the legislative purpose as shown by other provisions of the law.

The defects in the preliminary proceedings, whatever they may have been, were waived by the failure of appellants to challenge their sufficiency within thirty days after the assessment was ascertained.

The judgment of the district court will be affirmed.