# SUPREME COURT,
## STATE OF KANSAS.

## JULY TERM, 1914.

*PRESENT:*

Hon. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
Hon. ROUSSEAU A. BURCH,
Hon. HENRY F. MASON,
Hon. CLARK A. SMITH,
Hon. SILAS W. PORTER,      } JUSTICES.
Hon. ALFRED W. BENSON,
Hon. JUDSON S. WEST,

No. 18,671.

B. ROCKWELL, *Appellee,* and BERNARD O'MALLEY et al., Intervenors, *Appellants,* v. THE CITY OF JUNCTION CITY et al., *Appellees.*

OPINION DENYING A REHEARING.

SYLLABUS BY THE COURT.

INJUNCTION — *Special Paving Assessments* — *Limitation of Actions.* The statutory provision that actions to set aside special assessments must be brought within thirty days from the time the assessment is ascertained is a special statute of limitations which applies to the insufficiency of a petition for a street improvement, including fraud in obtaining signatures to the petition, and was intended by the legislature to cut off defenses of every kind that might be made against such assessments.

Appeal from Geary district court; ROSWELL L. KING, judge. Opinion denying a rehearing filed August 7, 1914. (For original opinion of affirmance see 92 Kan. 513, 141 Pac. 299.)

1—93 KAN.

*Lee Monroe,* of Topeka, and *W. S. Roark,* of Junction City, for the appellants.

*I. M. Platt,* of Junction City, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a petition for a rehearing, appellants insist that no attention was given to the contention that the petition for the improvement was altered by dropping out several blocks of the proposed paving, and that as such alteration rendered the petition void the statutory limitation did not apply. Perhaps the question was not given as much attention and discussion as it deserved, but it was certainly not overlooked. Reference was made in the opinion (92 Kan. 513, 141 Pac. 299) to the contention of appellants, which was that the defect in the petition was such that the mayor and council had no jurisdiction to act and that therefore the thirty-day statute of limitations had no application. In answer it was said in the opinion that the statute of limitations applied and that such defects are waived by the failure to act within the period of limitation. It was specifically said that: "The statute applies and cuts off defenses that the improvement proceedings are void by reason of fraud or other defects." (p. 515.)

The authority to determine the sufficiency and validity of the petition is given to the city council. Appellants charged that the petition as it was started requested that the improvement be extended as far north as Eighth street, but that after a number had signed the petition it was altered so as to make First street the northern limit, that this was done without the consent of those who had previously signed the petition, and that when changed it did not contain three-fourths of those residing in the city who owned property fronting on the street in the improvement district. The council, which is vested with the power to determine whether the petition contained the requisite number of names, decided that it was sufficient, that three-fourths of the

Rockwell v. Junction City.

resident property owners fronting on the street had signed it and had petitioned for the improvement. It had also the power to inquire and decide whether the petition had been altered after some of the property owners had attached their names to it or that the signatures of any petitioners had been obtained by any deception or fraud. If fraud was practiced and this had been brought to the attention of the council, it would have held the petition to be invalid and have rejected it. The council, however, passed on a petition which appeared to be sufficient, and held not only that it contained a sufficient number of legal petitioners, but that it was valid and sufficient in all other respects. The legislature has provided that interested parties can not attack the sufficiency and validity of any proceeding in making an assessment after the expiration of the thirty-day limitation. This limitation applies whether the defect is a slight irregularity, a lack of sufficient signers to the petition, or because of fraud in obtaining them. In any such case the action to set aside the assessment, to be effectual, must be brought within thirty days after the assessment is ascertained and fixed. Ordinarily, fraud vitiates any proceeding or transaction into which it enters, but it may be waived, and a right of action on account of the fraud may be lost by failing to bring the action within the time fixed by the legislature. It has already been held that the right to challenge a proceeding in a special assessment which is invalid by reason of fraud is waived by lapse of time, and that the provision fixing the time within which suits to set aside special assessments must be brought is a special limitation differing from the general statute of limitations, and that the legislature intended that it should cut off all defenses of whatever kind or character. (*City of Topeka v. Gage,* 44 Kan. 87, 24 Pac. 82. See, also, *Kansas City v. McGrew,* 78 Kan. 335, 96 Pac. 484.)

The petition for a rehearing must, therefore, be denied.