No. 19,845.

J. A. ARMENT et al., *Appellants,* V. THE CITY OF DODGE CITY
et al., *Appellees.*

SYLLABUS BY THE COURT.

1. RESISTING TEMPORARY INJUNCTION—*General Appearance*. Defendants
appearing by counsel to resist the granting of a temporary injunction
are in court for all purposes without the issuance of summons.

2. SPECIAL ASSESSMENTS—*Injunction—Limitation of Actions*. The de-
fense to an assessment for paving that it was really for a storm sewer
is cut off by the thirty-day statute of limitations. (Laws 1913, ch.
112, § 1.)

Appeal from Ford district court; GORDON L. FINLEY, judge.
Opinion filed January 8, 1916. Affirmed in part and reversed
in part.

*F. Dumont Smith,* of Hutchinson, for the appellants.

No appearance was made for the appellees.

The opinion of the court was delivered by

WEST, J.: The plaintiff sued the city and its commissioners
to enjoin the paving of a certain street. The defendants in re-
sponse to a notice appeared by counsel and successfully resisted
the granting of a temporary injunction. No summons was
issued. It was averred, among other things, that the defend-
ants had entered into a contract for the paving and had ap-
pointed appraisers who were appraising all the lands in the
paving district instead of the abutting property which alone
would be liable; that the resolution declaring the necessity of
the work had not been published as required by law. All this
was before the passage of any ordinance ascertaining the
amount of the assessments. More than thirty days after the
passage of such ordinance the plaintiffs filed an amended and
supplemental petition and summons was issued and served on
the defendants, who moved to strike from this pleading the
words "amended and supplemental" because no summons had
been issued upon the original petition, which motion was
sustained. The defendants then answered, denying the plain-
tiffs' allegations and pleading the thirty-day statute of limita-

tions (Laws 1913, ch. 112, § 1). An agreed statement of facts was presented which contained the admission that the resolution declaring the necessity of the work had not been published as required by law and that the ordinance ascertaining the amount of the assessment was not published until nearly two months after the date when the defendants appeared in response to the motion and resisted the granting of the temporary injunction. The cause came on for hearing "upon the legal questions involved therein," and during the progress of the hearing the trial court made the following among other statements:

"Nothing shown here that indicates the City did not have authority to act, authority to adopt the ordinance and provide for the paving and to assess the cost of it against the property. Now, it may be that they made a mistake and assessed it against property to the center of the block when they should have assessed it only against the abutting property owners; it may be, but is that such a question now that can be raised at this time as to the thirty days' limitation? I question it very much, gentlemen. . . . It may be they made a mistake in where they ought to have collected the money, but was it not the intention of the Legislature to provide this thirty-day provision to cover just such cases as this? If a party was wrongfully assessed and he ought not to have been assessed, should he not have come in within thirty days so that the City may change the assessment and repeal their orders to pass new ones and fix the costs where they ought to be? Is n't that the real purpose rather than permit people to come in a year and a half later, perhaps, when the property is being sold for taxes, and then object? I think that is the fair way to look at the matter."

Again:

"It is needless for the court to say further that the amendment to the petition made upon March 19th and the summons issued at that time will not date back to the time when the petition was first filed, September 19th, 1913, and that the case as now presented to the court cannot be deemed to date back any further than March 27th, 1914, which was the date of the amendment or the filing of the supplemental petition, so called."

Two points are presented by the appeal: The effect of the appearance by the defendants, and the right to raise by supplemental pleading after the thirty-day period had expired the question that the improvement instead of being a pavement of the usual convex kind was in reality a storm sewer or a concave pavement of a street through a low part of the city for general city drainage purposes. The defendants have filed no brief.

When the original petition was filed and the notice served upon the defendants and they appeared by counsel without attempting in any way to limit their appearance they were in court for all purposes. It was needless to issue a summons to bring them into court because they were already in. (*Hanson v. Hanson,* 86 Kan. 622, 122 Pac. 100; *Woodhouse v. Land & Cattle Co.,* 91 Kan. 823, 139 Pac. 356.) Therefore the cause of action, if any, stated in the original petition was one which existed not only before the expiration but before the beginning of the thirty-day period and was entitled to consideration by the court.

It is argued that if the improvement was for the purpose of draining a large section of the city the expense should have been charged to the city and not to the abutting owners, and that such owners might not have consented to the destruction of their street by changing it into a sewer for the benefit of people who paid no taxes upon such street, and that such extraordinary result could not have been foreseen within thirty days from the time the amount of the assessments was ascertained. The court, however, following *Gardner v. City of Leavenworth,* 94 Kan. 509, 146 Pac. 1000, and cases there cited, holds that with the expiration of the statutory period this defense to the assessment was cut off.

The judgment as to the amended and supplemental petition is sustained. The judgment as to the original petition is reversed and the cause is remanded for further proceedings in accordance herewith.