No. 21,316.

THE RIVERSIDE PARK ASSOCIATION, *Appellee*, v. THE CITY OF HUTCHINSON et al., *Appellants*.

#### SYLLABUS BY THE COURT.

PAVING—*Special Assessments—Injunction—Limitation of Actions.* The statutory limitation that an action cannot be maintained to enjoin or contest a special assessment for the improvement of a street, unless it is begun within thirty days after the amount due on each lot or piece of ground assessed is ascertained (Gen. Stat. 1915, § 1217), applies to invalidity as well as irregularity in the proceedings, including objections that the taxing district extends over too much ground, and also where the land assessed included abutting ground not platted, and also lots and blocks lying beyond the unplatted part which did not abut on the improved street. Invalid proceedings of the kind named, which would defeat an assessment if attacked in time, are not open to attack if the time limit has expired.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed February 9, 1918. Reversed.

*Walter F. Jones*, of Hutchinson, for the appellants.

*E. T. Foote*, of Hutchinson, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This was a suit to enjoin the collection of a paving tax assessed upon plaintiff's property. On July 6, 1915, the city of Hutchinson passed an ordinance providing for the paving of South Main street from the south line of Avenue F to the Arkansas river. The following plat shows the portion of the street in question and the situation of the surrounding properties:

Park Association v. City of Hutchinson.

A A — End of completed pavement. Horizontal lines denote uncompleted pavement to be paid for by city.

Perpendicular lines denote pavement to be paid for by county as an approach to new bridge.

On July 30, 1915, a contract was made for the paving; and, as first drawn up, it provided for the paving to extend to the river, but it was afterward changed (and according to the testimony of the city clerk, without authority for the change) to read, from Avenue F to the south line of Riverside addition and Handy's addition. On November 17, 1915, appraisers appointed by the city commissioners made an appraisement of lots 275 to 285 in Riverside addition and lots 276 to 288 in Handy's addition, but nothing south of that was included in the report. On November 26, 1915, the city commissioners, acting as a board of equalization, made some changes in the appraisers' report, and then also included an assessment of lots 20 to 32 in Dixon's addition, tract A, tract C, and Belle Dixon tract; and in an ordinance published February 17, 1916, the assessment for all of the lots and tracts mentioned was made. Plaintiff is the owner of lots 23 to 32 and tracts C and D in Dixon's addition, and taxes upon this property, except tract D, were certified by the city clerk upon the roll, to be collected. Plaintiff's action to enjoin its collection was brought December 11, 1916.

The pavement was completed as far as the point where the horizontal lines are shown on the plat, awaiting the completion of a new bridge by the county. The pavement on the approach to the bridge, indicated on the plat by the vertical lines, is to be paid for by the county.

The injunction prayed for was granted as to lots 23 to 32 in Dixon's addition. The defendants appeal.

The only question we need to consider is one of limitation on the right of plaintiff to enjoin or contest the levy of the special assessment. Under a statutory provision, the right to enjoin or contest such a levy can be exercised only within thirty days after the assessment is ascertained. (Gen. Stat. 1915, § 1217.) Plaintiff did not commence this action until ten months after the assessment had been ascertained. It is insisted by the plaintiff that the city acted without authority in that it assessed property not adjoining the street to be improved, and also that the assessment attempted was not made in the manner prescribed by law. The bar of the statute applies even if the defendants acted without authority in the inclusion of property that was not subject to assessment. It has

already been determined that the thirty-day limitation applies to void assessments as well as to irregular ones. (*City of Topeka v. Gage*, 44 Kan. 87, 24 Pac. 82.)　　In *Rockwell v. Junction City*, 92 Kan. 513, 141 Pac. 299, and the same case on rehearing, 93 Kan. 1, 142 Pac. 268, it was ruled that the limitation in question cuts off all defenses of every kind and character, including assessments fraudulently made and those which were made without jurisdiction or authority. That holding has been followed and approved in *Railway Co. v. City of Chanute*, 95 Kan. 161, 147 Pac. 836; *Arment v. Dodge City*, 97 Kan. 94, 154 Pac. 219; *Wyandotte County v. Haskell*, 97 Kan. 304, 154 Pac. 1029. No more reason can be found for excepting from the limitation a defense that the assessment is invalid because of including platted and unplatted land or land extending too far from the improved street than there was for excepting a defense that the assessment was fraudulent and void. The legislature manifestly intended to bar an action for every defect, whether it be for irregularity or invalidity, if not begun within the prescribed time. Within that time the plaintiff might have contested the right of the city commissioners to make an assessment on property which the appraisers had not included in their report, and also where the taxing district had extended beyond the legal limits. The intention of the legislature was, that public improvements should not be long delayed by contests of this character, nor the assessment proceedings interrupted by belated litigation; and so, property owners who propose to challenge an assessment for any kind of defect are required to do so promptly, or not at all. The validity of such a law is beyond question.

It follows that the judgment must be reversed and the cause remanded with instructions to enter judgment for the defendants.