No. 23,619.

THE ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, *Appellee*,
v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF
BARTON, *Appellant.*

### OPINION DENYING A REHEARING.

#### SYLLABUS BY THE COURT.

ROAD IMPROVEMENTS—*Illegal Notice—Injunction—Limitation of Actions.* An
order of a board of county commissioners approving a petition of resident
taxpayers for the construction of an improved highway, made without giving
a ten days' published notice to the petitioners and others interested of the
time and place when such petition will be considered, is illegal; but its
illegality must be challenged within thirty days after such order is made,
otherwise an action is barred under the limitation prescribed in section 1
of chapter 246 of the Laws of 1919.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion de-
nying a rehearing filed January 7, 1922. (For original opinion see 109 Kan.
787, 202 Pac. 78.)

*W. J. Weber,* county attorney, for the appellant; *F. Dumont Smith,* of
Hutchinson, of counsel.
*William R. Smith, Owen J. Wood, Alfred A. Scott,* all of Topeka, and
*William Osmond,* of Great Bend, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: In a motion for a rehearing complaint is made that
the court did not specifically determine the point raised by the de-
fendants on the failure of the defendant board to conform to the
statute (Laws 1919, ch. 246, § 1) "to set a time and place to meet
and consider the petition for the road improvements," and the fail-
ure of the board "to notify the petitioners and all others interested
of the time and place of such meeting, by publication in the official
county paper, or some newspaper of general circulation in the
county, at least ten days prior to the date of the meeting."

The plaintiff is entitled to a specific ruling on that point, and
we make it now.

The petition of the resident taxpayers for the road improvement
was filed with the board on May 31, 1919. Pursuant thereto, but
without the ten days' statutory notice, the defendant board, on
July 7, 1919, considered the petition and adopted a resolution for·
the construction of the proposed road.

The action of the board on July 7, 1919, without the preliminary
notice was illegal; the proceedings prior to the making of the order

Railway Co. v. Barton County.

were irregular and therefore illegal; and this illegality inhered in the order or resolution adopted on July 7, 1919.

But in the same section of the statute which provides for such ten days' notice, it is provided:

"  .  .  .  no action shall be brought to restrain the making of such improvements, or payment therefor, or levy of taxes or special assessments or issuance of bonds therefor, on the grounds of any illegality in said petition, or in any proceedings prior to said order, or in said order, unless such action be commenced within thirty days after the date of said order." (Laws 1919, ch. 246, § 1.)

In section 4 of the same statute there is another limitation of time in which an action may be brought to challenge the validity of proceedings for road improvements, largely couched in the same language as that quoted above, but we are not permitted to presume that the limitation in section 4 is merely repetitive of the limitation in section 1. Both are included for some intelligent legislative purpose; and the court holds that the limitation of time in which to commence an action to raise the illegality of the resolution of July 7, 1919, is governed by section 1. Although the order of July 7 was illegal, yet "no action shall be brought to restrain, etc., on the grounds of any illegality, etc., in any proceedings prior to said order, or in said order, unless such action be commenced within thirty days after the date of said order." So reads the statute. Thus the matter falls squarely within the rule laid down in the Junction City case:

"This limitation is valid and covers all irregularities and defects in the proceedings. It is contended that by reason of the insufficiency of the petition the mayor and council had no jurisdiction to act, and that therefore the thirty-day statute of limitation did not begin to run, but it has been often held that such defects are waived and cured by the limitation. (*Wahlgren v. Kansas City,* 42 Kan. 243, 21 Pac. 1068; *Doran v. Barnes,* 54 Kan. 238, 38 Pac. 300; *Railroad Co. v. Kansas City,* 73 Kan. 571, 85 Pac. 603.) It has been ruled that the statute applies and cuts off defenses that the improvement proceedings are void by reason of fraud or other defects. (*City of Topeka v. Gage,* 44 Kan. 87, 24 Pac. 82; *Kansas City v. McGrew,* 78 Kan. 335, 96 Pac. 484.)" (*Rockwell v. Junction City,* 92 Kan. 513, 515, 141 Pac. 299.)

(See, also, *Park Association v. City of Hutchinson,* 102 Kan. 488, 171 Pac. 2; *Field v. Reno County,* 107 Kan. 397, 191 Pac. 315.)

Plaintiff also points to the fact that this action was begun on March 30, 1920, within thirty days of the time when the board made its order of March 1, 1920, to construct the road by day labor. Very true, but that only gave the plaintiff the right to call in

question the validity of that order, not to raise questions of illegality in earlier proceedings as to which the bar of the thirty days' limitation had already fallen. There was nothing the matter with the order of March 1, 1920, nor with proceedings projected pursuant thereto, except as already indicated—that the average cost of the proposed road must be held down to $30,000 per mile.

A rehearing is unnecessary and it is therefore denied.