No. 24,681.

A. J. RANDALL et al., *Appellees,* v. THE CITY OF ARKANSAS CITY et al., *Appellants.*

#### SYLLABUS BY THE COURT.

LIMITATION OF ACTIONS—*Construction of Sewer Partly Outside City Limits—Illegal Assessments—Injunction.* The thirty-day statute of limitations provided by section 874 of the General Statutes of 1915, concerning suits to set aside special assessments to pay for sewers built by cities of the first and second class, does not apply to an assessment levied by a city where the assessment is entirely illegal and no authority whatever is given by statute to levy it.

Appeal from Cowley district court; OLIVER P. FULLER, judge. Opinion filed July 7, 1923. Affirmed.

*L. C. Brown,* of Arkansas City, for the appellants.

*C. W. Roberts,* of Winfield, *Albert Faulconer, Kirk W. Dale,* and *C. L. Swarts,* all of Arkansas City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: In this action the plaintiffs seek to enjoin the defendants from collecting a special assessment levied by the defendant city on real property owned by the plaintiffs. The defendants demurred to the petition; the demurrer was overruled; judgment was rendered for the plaintiffs; and the defendants appeal.

The petition alleges that the plaintiffs are the owners of certain described real property within the corporate limits of Arkansas City; that this real property with other property was made a sewer district by the city; that a sewer was built partly within the district and 3,620 feet outside the city limits of Arkansas City; and that the cost of building the entire sewer was assessed against the property within the sewer district inside the city limits. The ordinance levying the assessment was passed by the city on July 19, 1920. This action was commenced March 31, 1922.

The city argues that no action to enjoin the collection of these taxes can be commenced after the expiration of thirty days from the passage of the ordinance, and cites section 874 of the General Statutes of 1915 in support of that argument. That section, so far as it is pertinent, reads:

"No suit to set aside the said special assessments or to enjoin the making of the same shall be brought, nor any defense to the validity thereof be allowed, after the expiration of thirty days from the time when the amount due on each lot or piece of ground liable for such assessment is ascertained."

This court has repeatedly said that actions to set aside or enjoin special assessments levied to pay for improvements must be commenced within thirty days. (*City of Topeka v. Gage,* 44 Kan. 87; 24 Pac. 82; *Railroad Co. v. Kansas City,* 73 Kan. 571, 85 Pac. 603; *Kansas City v. McGrew,* 78 Kan. 335, 96 Pac. 484; *Rockwell v. Junction City,* 92 Kan. 513, 141 Pac. 299; *Rockwell v. Junction City,* 93 Kan. 1, 142 Pac. 268; *Railway Co. v. City of Chanute,* 95 Kan. 161, 147 Pac. 836; *Arment v. Dodge City,* 97 Kan. 94, 154 Pac. 219; *Wyandotte County v. Haskell,* 97 Kan. 304, 154 Pac. 1029; *Park Association v. City of Hutchinson,* 102 Kan. 488, 171 Pac. 2.)

In none of these cases, however, was there any attempt to enjoin an assessment that the city did not have power to make. Here, the

plaintiffs contend that the city had no power to levy on their property the cost of that part of the sewer lying outside the city limits. They cite section 880 of the General Statutes of 1915. That section reads:

"That all costs and expenses occasioned by such condemnation and by such construction of sewers and drains and disposal works beyond the corporate limits of such city shall be borne by the city as a whole, and shall be paid out of the general revenue fund or by the issue of improvement bonds of the city, as the mayor and council may determine, in the manner described and with the privileges and exemption stipulated in section 5 of this act."

That statute was amended by chapter 88 of the Laws of 1917 so as to read as follows:

"That all costs and expenses occasioned by the procurement of a right of way either by purchase or condemnation and by the construction of sewers and drains and disposal works beyond the corporate limits of said city shall be borne by the city as a whole and shall be paid out of the general revenue fund or by the issue of improvement bonds of the city as the mayor and council or board of commissioners may determine in the manner described and with the privileges and exemptions stipulated in section 5 of this act provided bonds to pay the costs of right of way and the construction of sewers and drains beyond the corporate limits of the city may be issued in addition to the $30,000 authorized by section 5 for the construction of disposal works."

Under this statute, the city is compelled to levy on all the property of the entire city the cost of the sewer lying outside the city limits. The city had no power to levy that cost on the property of these plaintiffs as a special assessment. For that reason, the thirty-day statute does not apply. Concerning that part of the assessment, the petition stated a cause of action.

A motion to dismiss this appeal has been filed, but because of the conclusion reached on the merits, the motion is not disposed of.

The judgment is affirmed.