No. 32,318

T. B. Addis et al., *Appellants,* v. The City of Kansas City et al., *Appellees.*

(53 P. 2d 809)

Opinion filed January 25, 1936.

*Elmer E. Martin* and *Thomas A. Pollock,* both of Kansas City, for the appellants.

*Alton H. Skinner,* city attorney, *William H. Towers,* deputy city attorney, and *John C. O'Brien,* of Kansas City, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This was a taxpayers' suit to enjoin the collection of special assessments levied against plaintiffs' properties to pay the cost of certain sewer construction in and about Kansas City.

The case was essentially a companion case to that of *Alber v. Kansas City,* 138 Kan. 184, 25 P. 2d 364, where the pertinent facts were stated so fully that it is needless to repeat them here.

In brief, the present plaintiffs to the number of 438 allege that they are resident property owners in sewer district 31, of Kansas City; that various egregious irregularities were committed by the city in creating the sewer district, in contracting with an adjoining drainage district to divide the expense of building a trunk-line sewer to serve their joint needs; that the Union Pacific Railroad Company dictated the terms of that contract, that the city's share of the expense raised the city's indebtedness beyond its authorized statutory maximum, that the city officials were not acting in good faith when they set about the sewer project, that the sewer itself was mostly constructed outside the city limits, and that as constructed the sewer is of no practical service to the properties of plaintiffs, and that it never will be unless laterals or subsewers are constructed to connect their properties with this trunk-line sewer. Based on these allegations plaintiffs prayed for an injunction against the city.

Some pertinent dates gleaned from this record, and from the Alber case to which we are referred in the brief of appellants, are as follows:

*May 27, 1924,* Kansas City and the Fairfax drainage district signed the contract for the construction of the sewer.

*July 16, 1925,* construction of sewer completed.

*July 7, 1927,* sewer district No. 31 organized.

*December 7, 1927,* ordinance No. 24010, levying assessments on plaintiff's properties, adopted.

*January 5, 1928,* ordinance No. 24010 published.

*December 15, 1930,* this action by plaintiffs was begun to enjoin assessments levied under ordinance No. 24010.

*March 20, 1931,* general demurrer to plaintiffs' petition filed.

The action was permitted to slumber on the dockets until October

9, 1934, at which time, following arguments of counsel, the trial court sustained the demurrer, and this appeal followed.

The obvious basis for the trial court's ruling on the demurrer was the thirty days' statutory limit in which a taxpayer's suit challenging the validity of special assessments may be instituted. (R. S. 12-608; R. S. 1933 Supp. 13-1088.)

How then could this action be maintained—begun, as it was, 2 years, 11 months and 10 days after the publication of the ordinance levying the special assessments?

Counsel for appellants cite *Randal v. Arkansas City*, 114 Kan. 178, 217 Pac. 298, in which it was held that where the city had no power to make the improvement (a sewer outside a city of the second class) the thirty days' limit in which to bring an action to enjoin the collection of special assessments did not apply. But that case cannot help these plaintiffs. Here Kansas City, a city of the first class, did have statutory power to make the contract for the building of the sewer which lay partly outside the city (R. S. 13-1013 to 13-1016, inclusive, and R. S. 13-1029, also R. S. 24-408 by necessary implication).

Other arguments urged in support of plaintiff's contention that the thirty days' limit should not be applied have been carefully considered, but all such arguments have been met and demolished by frequent and familiar decisions of this court. Thus in *Rockwell v. Junction City*, 92 Kan. 513, 141 Pac. 299, where a taxpayer's suit to enjoin a special assessment levied to pay for street paving was held to have been begun too late, it was said:

"The statute provides that: 'No suit to set aside the said assessments shall be brought after the expiration of thirty days from the time the amount due on such lot liable for such assessment is ascertained.' (Gen. Stat. 1909, § 1420.) This limitation is valid and covers all irregularities and defects in the proceedings. It is contended that by reason of the insufficiency of the petition the mayor and council had no jurisdiction to act; and that therefore the thirty-day statute of limitation did not begin to run, but it has been often held that such defects are waived and cured by the limitation. (*Wahlgren v. Kansas City*, 42 Kan. 243, 21 Pac. 1068; *Doran v. Barnes*, 54 Kan. 238, 38 Pac. 300; *Railroad Co. v. Kansas City*, 73 Kan. 571, 85 Pac. 603.) It has been ruled that the statute applies and cuts off defenses that the improvement proceedings are void by reason of fraud or other defects. (*City of Topeka v. Gage*, 44 Kan. 87, 24 Pac. 82; *Kansas City v. McGrew*, 78 Kan. 335, 96 Pac. 484.)" (p. 514.)

In *Park Association v. City of Hutchinson*, 102 Kan. 488, 490-

491, 171 Pac. 2, where plaintiff sought to enjoin a special assessment, it was said:

"Plaintiff did not commence this action until ten months after the assessment had been ascertained. It is insisted by the plaintiff that the city acted without authority in that it assessed property not adjoining the street to be improved, and also that the assessment attempted was not made in the manner prescribed by law. The bar of the statute applies even if the defendants acted without authority in the inclusion of property that was not subject to assessment. It has already been determined that the thirty-day limitation applies to void assessments as well as to irregular ones. (*City of Topeka v. Gage,* 44 Kan. 87, 24 Pac. 82.) In *Rockwell v. Junction City,* 92 Kan. 513, 141 Pac. 299, and the same case on rehearing, 93 Kan. 1, 142 Pac. 268, it was ruled that the limitation in question cuts off all defenses of every kind and character, including assessments fraudulently made and those which were made without jurisdiction or authority. That holding has been followed and approved in *Railway Co. v. City of Chanute,* 95 Kan. 161, 147 Pac. 836; *Arment v. Dodge City,* 97 Kan. 94, 154 Pac. 219; *Wyandotte County v. Haskell,* 97 Kan. 304, 154 Pac. 1029. . . . The legislature manifestly intended to bar an action for every defect, whether it be for irregularity or invalidity, if not begun within the prescribed time. Within that time the plaintiff might have contested the right of the city commissioners to make an assessment on property which the appraisers had not included in their report, and also where the taxing district had extended beyond the legal limits. The intention of the legislature was that public improvements should not be long delayed by contests of this character, nor the assessment proceedings interrupted by belated litigation; and so, property owners who propose to challenge an assessment for any kind of defect are required to do so promptly, or not at all. The validity of such a law is beyond question."

See, also, *Schenk v. Kansas City,* 134 Kan. 181, 5 P. 2d 842, and citations.

In the Alber case this court was able to do something for the complaining taxpayers because that suit was begun within the time allowed by statute. Here the long delay in seeking judicial redress renders it altogether impossible to render a similar judgment in the case at bar.

The judgment is affirmed.

HARVEY, J., not sitting.