THE AMERICAN FIRE INSURANCE COMPANY OF PHILADELPHIA v. THE BUFORD & GEORGE IMPLEMENT COMPANY.

### No. 351.*

PRACTICE, DISTRICT COURT—*Limitation of Action—Insurance Policy.* Where an insurance policy provided that no action thereunder should be sustainable in any court unless begun within a term of one year after the date of the fire, and where, in an action brought under such policy by the general assignee of the assured parties, an interplea was filed more than two years after the loss by fire by a judgment creditor of the plaintiff's assignor, the interpleader seeking the benefit of any recovery obtained by the plaintiff, and where before trial the plaintiff dismissed his action, and the trial proceeded between the defendant company and the interpleader, *held*, that the filing of the interplea marked the commencement of the interpleader's action, and that its right of action was barred; and *held further*, that a general demurrer to the interplea raised this question.

Error from Harper district court; G. W. McKAY, judge. Opinion filed August 15, 1898. Reversed.

*Geo. E. McMahon*, and *Washburn & Washburn*, for plaintiff in error.

*James P. Grove, R. B. Cook*, and *Ellis & Cook*, for defendant in error.

* Petition for order to certify denied by supreme court October 10, 1898.— REP.

Insurance Co. v. Buford.

The opinion of the court was delivered by

MILTON, J.: A preliminary question is raised by the defendant in error's motion to dismiss. The ground of the motion is that the petition in error is not signed by the attorney for the plaintiff in error or by any other person for it. Since this motion was filed the defendant in error served and filed its briefs on the merits of the case, and counsel for plaintiff in error have asked leave to sign the petition in error. This leave will be granted and the petition in error will be considered as though properly signed.

This action was begun on the 13th day of May, 1887, by E. G. Hoopes, as general assignee of the firm of Warner & Miller, to recover from the plaintiff in error the sum of $1000 on a policy of insurance issued by the latter to Warner & Miller. The property insured, a business house in the city of Anthony, in Harper county, was burned on May 25, 1886. The defendant in error interpleaded in the action, alleging its right to the fund recoverable from the insurance company by reason of its having obtained a judgment at the January, 1886, term of the district court of said county, against Warner & Miller, and by virtue of attachment and garnishment proceedings in that action. The interplea further alleged that a notice of garnishment was issued on July 10, 1886, in the last-named action and was duly served on the insurance company, and that, by reason of such service and the failure of the insurance company to answer as garnishee, the latter became indebted to the interpleader in the sum of $1000. The insurance policy, a copy of which was annexed to the petition and referred to in the interplea, but not made a part thereof, contained the following clause:

"No suit or action of any kind against this com-

pany for the recovery of a claim under this policy shall be sustainable in any court of law or chancery unless begun within the term of one year from the date of the fire, but such lapse of time shall be deemed conclusive evidence against the validity of such claim, any statute of limitation or other law to the contrary notwithstanding.''

The interplea was filed on July 14, 1888. On March 24, 1891, the court, on motion of the plaintiff, dismissed his case, over the objection of the interpleader, entered judgment for costs against the plaintiff, and continued the action until the next term of court for a trial of the issues between the insurance company and the interpleader. Trial was not reached until March 23, 1893. In the meantime the interplea was amended and supplemented, and thereupon the defendant company demurred thereto on the ground of a failure to state facts sufficient to constitute a cause of action or to entitle interpleader to any relief against the defendant. The trial resulted in a verdict and judgment for the interpleader in the sum of $1478.14.

The overruling of the demurrer is one of the principal errors assigned. The clause in the policy limiting the time within which an action might be brought thereunder is like the provision which was considered in the case of *McElroy v. Insurance Co.*, 48 Kan. 200, 29 Pac. 478, and which was held valid and binding on the assured. In that case a general demurrer to the petition had been sustained by the trial court, and its action was approved by the supreme court. The doctrine of that case was followed in *Insurance Co. v. Stoffels*, 48 Kan. 205, 29 Pac. 486, and in *Insurance Co. v. Bullene*, 51 id. 764, 33 Pac. 467. In their brief, counsel for defendant say:

''The action of E. G. Hoopes, an assignee, against the American Fire Insurance Company was admittedly

commenced in time ;  and the interplea of the defend-
ant in error was not a new action—did not claim on
any new, additional or other indebtedness than that
sued for by the said Hoopes, but simply said to the
court that whatever amount was found due to Hoopes,
as assignee, from the said insurance company, should
be ordered paid to the defendant in error, for the rea-
sons stated in the interplea ;  and if the said insurance
company, by and through its special agent, had not
colluded with said Hoopes, and induced him to with-
draw from said action, for the apparent purpose of
preventing the defendant in error from collecting what
was due to it, there would have been nothing to try be-
tween plaintiff in error and the defendant in error.''

This claim is disposed of by the case of *Insurance Co.
v. Bullene,* supra.   One of the important questions
there considered was whether the claims of the three
cross-petitioners, who had been joined with the insur-
ance company as defendants, were barred by the pro-
vision in the policy to the effect that any suit brought
thereon must be commenced within six months after
loss by fire, it appearing that more than twelve
months had elapsed between the date of the fire and
the filing of the cross-petitions.   The syllabus reads :

"Where certain defendants seek to enforce their
demands against a codefendant, as to such demands
the action will be deemed commenced as of the time
when their answers setting up such demands are
filed."

As no cross-petition in error was filed, the action of
the trial court in permitting the assignee to dismiss is
not before us for review.   The dismissal stands as a
judgment of the trial court.   It would seem, there-
fore, that according to the claim of counsel as set
forth above, there was no issue to be tried between
the parties to the present proceedings after the judg-
ment of dismissal was entered.   We conclude that the

filing of the interplea in this case marked the commencement of the interpleader's action, and that its right to recover was then barred by the terms of the policy. We also hold that this question was raised by the demurrer. It is unnecessary to consider other alleged errors.

The judgment of the district court is reversed, and the cause is remanded with instructions to sustain the demurrer to the amended interplea.