JOHN S. GARDNER AND F. P. PRIVETT v. PETER A. L. QUICK.

No. 374.

REPLEVIN—*Limitation of Action—Interplea*. The interplea filed in this case, averring interpleader's ownership of the property in controversy and praying for a return thereof, disclosed on its face that the property had been seized under execution nearly three years prior to the filing of the interplea. *Held*, that a general demurrer to such interplea raised the question of statutory limitation, and that the cause of action was barred by the two-year clause of the statute.

Error from Harper district court; G. W. McKay, judge. Opinion filed November 14, 1898. Reversed.

*Campbell & Dyer*, for plaintiffs in error.

*George R. Snelling*, for defendant in error. (No brief.)

The opinion of the court was delivered by

MILTON, J.: In a replevin action for the recovery of specific personal property begun on May 15, 1889, by F. W. Simpson against John S. Gardner and F. P. Privett, as sheriff and deputy sheriff of Harper county,

Peter A. L. Quick, the defendant in error, filed an interplea on February 13, 1892, averring ownership in himself of the replevied property under the terms of a chattel mortgage dated January 25, 1889. The interplea set forth that the property in controversy was wrongfully in the possession of the defendants, who had seized the same notwithstanding the fact that interpleader's chattel mortgage covering the property had been duly filed prior to such seizure, and prayed for judgment against the plaintiff and the defendants for a delivery of the goods and chattels to the interpleader, and for a further judgment against the defendants in the sum of $100 as damages for detention of the property. The defendants demurred to this interplea on the ground that it failed to state facts sufficient to constitute a cause of action in favor of the interpleader and against the defendants. The demurrer was overruled, and thereupon a separate trial was had between the interpleader and the defendants, resulting in a verdict in favor of the interpleader for a return of the property. The jury fixed the value of the property at $500 in case a return thereof could not be had. The judgment of the court was in conformity with the verdict.

The only error discussed by counsel for plaintiff in error is that arising from the overruling of the demurrer to the interplea. No brief has been filed on behalf of defendant in error. While this court in one or two instances has affirmed the judgment of the trial court because of the failure of the defendant in error to file a brief, we have nevertheless given the question here presented careful consideration. Section 12 of the civil code ( Gen. Stat. 1889, ¶ 4095) provides that "an action for taking, detaining or injuring personal property, including actions for the specific recovery of

personal property," can only be brought within two years after the cause of action shall have accrued. The order of the court allowing the filing of the interplea was made nearly three years after the property had been seized by the sheriff. The interplea was filed a few days after such order was made. It marked the commencement of the interpleader's action, and was filed too late. The demurrer raised the question of statutory limitation, and should have been sustained. This conclusion is in accordance with our decision in the case of *Insurance Co. v. Buford*, ante, p. 36, 54 Pac. 6.

The judgment of the district court is reversed, and the cause remanded with instructions to enter judgment in favor of plaintiffs in error.