No. 37,871

JAMES B. FAIDLEY, *Appellee*, v. W. C. EMRICH and EDNA P. EMRICH, his wife, *Appellants*.

(218 P. 2d 178)

Opinion filed May 6, 1950.

*Cloyd Pugh*, of Minneapolis, argued the cause, and was on the briefs for the appellants.

· *L. A. McNalley,* of Minneapolis, argued the cause, and *Evan Corman,* of Minneapolis, was with him on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action to quiet title to a mineral interest. Judgment was for the plaintiff. Defendants have appealed.

The amended petition alleged the ownership by plaintiff of a described quarter section; that defendants claimed some title to it, which was inferior to the plaintiff's title; that W. C. Emrich claimed some interest in it because of a mineral deed duly recorded, such deed having been executed by plaintiff on December 13, 1943; that at the time of execution of the deed plaintiff was unfamiliar with the oil business and the difference between mineral deeds and royalty deeds and this was well known to Emrich; that shortly before December 13, 1943, Emrich told plaintiff he was preparing to drill an oil well and already had obtained royalty rights from all the neighbors living near plaintiff's farm and stated that if the plaintiff would deliver to him a royalty to one-half his land he would drill an oil well to completion within 300 feet of the land owned by plaintiff and would complete it within a reasonable time and the royalty would be placed in escrow until the drilling of the well was completed; that thereafter Emrich prepared certain instruments and stated to plaintiff they were made out in accordance with the conversation; that plaintiff told him he was unable to read and was told by Emrich that they were a transfer and conveyance of oil and gas royalty; and that they provided that an oil well was to be drilled with diligence within 300 feet of the property of the plaintiff; that it would be diligently drilled to completion; that the oil and gas royalty would be placed in escrow and was not to. be obtained by Emrich until he had drilled the oil well to completion; that Emrich had obtained and did then own and have royalty from the neighbors of the plaintiff, including royalty on section 22, township 10, range 1, in Ottawa county, Kansas, when as a matter of fact the documents provided the well was to be commenced within 1,400 feet of plaintiff's property; and the conveyance was in fact a mineral deed conveying one-half of all the oil and gas under the real estate in question; and no provision was made for Emrich to drill the well and Emrich knowing of the false statements and that plaintiff could not read and knowing that plaintiff relied on the false statements of Emrich caused plaintiff to execute the instru-

ments; that the escrow agreement did not provide for the delivery of the royalty at the conclusion of the drilling of the well, but did provide for its delivery at its commencement, and unknown to plaintiff Emrich later procured from the escrow holder the mineral deed and plaintiff had no knowledge of this until November, 1947, and plaintiff did not learn of the falsity of the representations until November, 1947; that the deed was wrongfully given to Emrich without the knowledge or consent of plaintiff and Emrich had been absent from the state for at least three years since the recording of the instruments and plaintiff had no knowledge of the fraud until he discovered he had executed a mineral deed instead of a royalty conveyance; that upon discovering the fraud that had been practiced upon him, plaintiff demanded of Emrich that he execute releases; that there was no consideration for the contract or for the mineral deed; that defendant had failed to perform his contract; that Emrich had released oil and gas leases in the vicinity so that it would be impossible for him to carry out the contract.

The prayer was that plaintiff's title be cleared and for damages.

In their answer, defendants alleged that they owned one-half the oil and gas in the described real estate by reason of a conveyance duly on record; that the cause of action set out in the petition was barred by the statute of limitations because the deed was signed by plaintiff on December 13, 1943, placed in escrow until March 1, 1944, and the escrow holder delivered it to Emrich and it was filed for record on March 22, 1944, and by that delivery and recording the plaintiff had knowledge that defendants claimed an interest in the property by reason of the conveyance and this action was begun on September 10, 1948, more than four years after the execution and recording of the conveyance; that such an action must have been brought within two years. The answer further alleged that delivery of the conveyance was not made until after March 1, 1944, and execution of it was not completed until after that date; that the conveyance was recorded or listed for taxation on March 22, 1944, within the time allowed. There was a general denial of the allegations of the petition.

The prayer was that plaintiff take nothing and that the mineral interest be adjudged to remain in defendants.

The reply was a general denial. At the close of the plaintiff's evidence the defendants demurred to it. This was overruled. The defendants thereupon introduced their evidence. The trial court

found the issues generally in favor of the plaintiff on all the issues. The claim of the Emrichs by virtue of the deed in question was set aside and the title of the plaintiff was quieted. The defendants filed a motion for a new trial on the grounds of erroneous rulings of the trial court and that the decision was in whole or in part contrary to the evidence. The specifications of error are the overruling of defendants' demurrer to the plaintiff's evidence, in returning a judgment generally in favor of the plaintiff and in overruling defendants' motion for a new trial.

By finding the issues of fact generally in favor of plaintiff, the trial court found in effect that plaintiff was a man of limited education and could not read, with no knowledge of oil and gas royalties; that Emrich promised he would drill an oil well within 300 feet of plaintiff's property if plaintiff would give him one-half his royalty when the well was completed; that defendant Emrich prepared the papers, an escrow agreement and a mineral deed, which called for a well to be drilled within 1,400 feet and to be delivered if the well was started before March 1, 1944; that these papers were not prepared in accordance with the agreement of the parties; that the signature of the plaintiff was fraudulently obtained and plaintiff relied upon Emrich and particularly upon the representation that Emrich had acquired royalty from other persons; that they had agreed the deed was not to be delivered to Emrich by the escrow agent until the well was completed and the conveyance was a mineral deed and not a royalty; that Emrich knew of the fraud he had practiced upon plaintiff. The trial court further found in effect that the documents were placed in a bank and the royalty was to be delivered to Emrich upon completion of the well; that Emrich started work on the lease, placed a derrick and until the discovery of the fraud by plaintiff in 1947 could still complete the well and the well was about 65 feet deep. The trial court further found in effect that plaintiff did not give authority for the deed to be taken from the bank. There was no lawful delivery of the deed to Emrich and plaintiff had no notice or cause to think that the deed was not in escrow until November, 1947, and when plaintiff discovered that the mineral deed had been procured from the bank and recorded and that it was a mineral deed he immediately started action.

Defendants although they have a specification of error that the verdict was contrary to the evidence do not argue in their brief here that they did not commit the fraud. They rely solely on the statute

of limitations, G. S. 1935, 60-306, subsection 3. It provides, in part, as follows:

"Third. Within two years: . . . an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

They argue that by the terms of the escrow agreement the plaintiff knew that on March 1, 1944, if the condition was not complied with by Emrich he could go to the escrow holder and have the mineral deed returned to him; and that he did not commence this action until September, 1948, more than four years after the deed was executed and recorded. They argue that the cause of action began to run not from the date the fraud was actually discovered but from the day the deed was recorded, or March 22, 1944.

The trouble about that argument is that the plaintiff had no reason to believe the deed had been delivered to Emrich since it was obtained by Emrich from the escrow holder surreptitiously. There never was any valid delivery of the deed to Emrich. Emrich kept his drilling rig in position so that plaintiff would be led to think he was proceeding in good faith. Under such circumstances plaintiff was not bound to take notice of the recording of an instrument, which the man who defrauded him had led him to believe was safely in the escrow holder's hands. The rule is stated in *Converse v. Watts*, 127 Kan. 673, 275 Pac. 181, as follows:

"All through these opinions applying and approving constructive notice the modification is observed to the effect that if the evidence shows that the conduct of the defendant was such as to throw plaintiffs off their guard, or to lull them into a sense of security so as to lead them to omit or forego the examination of the records, then the statute begins to run from the date of the actual knowledge of the fraud."

See, also, *Gates v. Kansas Farmers' Union Royalty Co.*, 153 Kan. 459, 111 P. 2d 1098; also *Etenburn v. Neary*, 77 Okla. 69, 186 Pac. 457. This action was timely begun after plaintiff discovered the fraud.

The judgment of the trial court is affirmed.