No. 39,783

CLYDE W. STRATTON and CORA C. STRATTON, *Appellees,* v. WOOD CONSTRUCTION CO., INC., *Appellant.*

(284 P. 2d 636)

Opinion filed June 11, 1955.

*Hylton Harman,* of Kansas City, argued the cause and was on the briefs for the appellant.

*K. U. Snyder,* of Overland Park, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This was an action to recover damages for misrepresentations made in connection with a sale of real estate. The appeal is from an order overruling a demurrer to the petition.

The action was commenced in the district court of Johnson County on January 31, 1953, by the filing of the petition. Omitting formal averments, allegations relating to punitive or exemplary damages, and its prayer such pleading states in substance that prior to July 17, 1950, defendant was the owner of certain real estate in Johnson County and by and through its agents, servants and employees entered into oral negotiations with plaintiffs resulting in their purchase of such property; that during the negotiations preceding the sale defendant represented that all the streets and all lateral sewer lines affecting the real estate were furnished and the cost thereof paid so that plaintiffs would not have to pay anything for any of such improvements; that plaintiffs were ignorant of the true facts concerning the matters relating to payment of such improvements and, relying upon the truth of the representations of the defendant respecting them, orally agreed to purchase the property, describing it, for a stipulated price; that as a result of such representations plaintiffs entered into a written contract with defendant for the sale and purchase of such property on July 17, 1950, and would not have purchased it for any other price or terms except for their reliance upon the defendant's representations respecting the paid status of the streets and sewer lines affecting it; that the deal for the property was consummated by a deed delivered on September 26, 1950; that all the representations concerning the payment of such improvements were subsequently found to be false and fraudulent; and that although such improvements had been made prior to the sale the costs thereof, so far as they affected the property purchased, had not been paid.

In addition to what has been heretofore stated the petition alleges:

"That subsequent to the delivery of the warranty deed to plaintiffs and on about the 20th day of February, 1951, the County Commissioners of Johnson County, Kansas, acting in pursuance of the statutes hereinbefore referred to, did affix the said road improvement district known as 67th Street Terrace and Beverly Street Benefit District Road Project No. 77 and did determine and apportion the costs of said improvements against the said real estate of plaintiffs hereinbefore described, and did assess against plaintiffs' said real estate as their proportionate share of the costs of the benefit district numbered above the sum of Seven Hundred Eleven and 71/100 Dollars ($711.71) and did notify plaintiffs of said apportionment and assessment; that said assessment was made on an installment basis to run for a period of ten years, total cost which plaintiffs were required to pay for said benefit district being approximately the sum of Nine Hundred Twenty-Five and 22/100 Dollars ($925.22); that on the first day of November, 1950, the County Clerk of the county aforesaid, acting as *ex officio* county assessor, made a special apportionment and assessment against the real estate of plaintiffs for the sum of Two Hundred Forty-Five and 47/100 Dollars ($245.47) for their proportionate share of the above mentioned real estate in lateral sewer district No. 20-A, which said assessment for said sewer district being on an installment basis to cover a period of ten years, to bear interest, the total amounts which plaintiffs will be required to pay for said assessment being Three Hundred Nineteen and 11/100 Dollars ($319.11), which said assessments were made to cover the proportionate costs apportioned to the above described real estate for said street, curbing and guttering and said lateral sewer hereinbefore mentioned, each of which assessments were duly made under the statutes as hereinbefore mentioned, and upon making the same such assessments became valid, special tax liens against said real estate, and that such liens did then encumber, impair and cloud the title of plaintiffs in said real estate; that the receipt of the notices of the Board of County Commissioners of Johnson County on about the date alleged herein with respect to said benefit road district was the first knowledge plaintiffs had of said road improvements not being fully paid for and that the first notice and knowledge plaintiffs had of the said lateral sewer district improvements and assessments thereon by the Board of County Commissioners through the County Clerk of Johnson County, Kansas, was on about the first day of November, 1951, all contrary to the representations made by defendant, its agents and servants as aforesaid."

Without challenging its sufficiency in any other manner the defendant demurred to the petition on the ground it failed to state facts sufficient to constitute a cause of action and when this demurrer was overruled appealed from that ruling to this court, where it is now conceded the sole question involved is whether the petition shows on its face that the cause of action therein set forth is barred by the statute of limitations (G. S. 1949, 60-306, *Third*).

The first matter requiring attention is a contention advanced by appellees who insist appellant has no right to be heard because of the provisions of G. S. 1949, 60-706, which we pause to note

have been in our statute in its present form since G. S. 1868, Ch. 80, § 90, providing that unless a demurrer specifies distinctly the grounds of objection to a petition it shall be regarded as objecting only that the petition does not state facts sufficient to constitute a cause of action. More specifically the essence of appellees' claim is that under this statute appellant's general demurrer in the court below did not raise the question whether the cause of action set forth in the petition was barred by the statute of limitations, hence such question is not subject to appellate review. The trouble with appellees' position on this point springs from the fact it finds no support in our decisions. This court has long been committed to the rule (See *Zane v. Zane,* 5 Kan. 134), since adhered to by more recent decisions (*Schenk v. Kansas City,* 134 Kan. 181, 5 P. 2d 842; *Pratt v. Barnard,* 159 Kan. 255, 154 P. 2d 133), that where the pertinency of a statute of limitations is obvious from the facts alleged in the petition a general demurrer will lie without such statute being specifically pleaded. For other decisions of like import see *City of Phillipsburg v. Kincaid,* 6 Kan. App. 377, 50 Pac. 1093, and *Insurance Co. v. Buford,* 8 Kan. App. 36, 54 Pac. 6.

Conceding, as appellant points out, the foregoing decisions, and others of more recent vintage (See *Bradley v. Hall,* 165 Kan. 358, 194 P. 2d 943; *Pease v. Snyder,* 172 Kan. 257, 240 P. 2d 134; *Force v. Bates,* 177 Kan. 438, 280 P. 2d 584, also numerous decisions cited in Hatcher's Kansas Digest [Rev. Ed.], Limitation of Actions, § 189, and West's Kansas Digest, Limitation of Actions, §§ 180, 182), recognize that a pleading which shows on its face the cause of action relied on is barred by the statute of limitations is demurrable on the ground it failed to state a cause of action, it must be remembered the rule is just as well-established that unless a petition shows that fact affirmatively no demurrer lies and the bar of statute must be pleaded to be available as a defense. See *American Glycerin Co. v. Freeburne,* 157 Kan. 22, 138 P. 2d 468; *Lorey v. Cox,* 175 Kan. 66, 259 P. 2d 194; *Kerr v. Robertson,* 176 Kan. 637, 272 P. 2d 1062, and divers other decisions listed in § 189 of Hatcher's Kansas Digest [Rev. Ed.], and §§ 180 and 182 of West's Kansas Digest, under the title of "Limitation of Actions." With direct reference to the instant pleading it must be also kept in mind that claims respecting its sufficiency must be disposed of in the light of the well-established rule (See *Stuckey v. Shultz,* 173 Kan. 343, 245 P. 2d 1197, the decisions there cited and other decisions of like import listed

in West's Kansas Digest, Pleading, §§ 26, 34 [1], [3], also Hatcher's Kansas Digest [Rev. Ed.], Pleading, §§ 35, 37), that where, without other attack, a demurrer is lodged against a petition on the ground it does not state a cause of action the demurrer admits all well-pleaded facts and allegations, which must be liberally construed in favor of the pleader and given the benefit of all reasonable inferences.

At the outset it may be stated appellant asserts and relies upon two propositions only as grounds for reversal of the trial court's action in overruling its demurrer to the petition. Inversely considered the first claim made in support of its over-all position is that the petition contains no express allegation that the fraud therein pleaded could not have been discovered with reasonable diligence within two years before the date of the commencement of the action. A like claim was advanced, given serious consideration, and determined by this court contrary to appellant's position, in the case of *Dalton v. Hill,* 169 Kan. 388, 219 P. 2d 710, where it is held:

"A petition, otherwise sufficient, expressly alleging the fraud therein relied on was not discovered until a date certain, which was less than the two years from the date of the commencement of the action, and containing no other facts suggesting a source from which such fraud could or should have been discovered earlier in the exercise of reasonable diligence is sufficient to withstand an attack by demurrer based upon the ground it fails to state a cause of action." (Syl. [4].)

The same theory was again advanced, seriously considered, and the rule announced in the case above cited reapproved, in *Connell v. Saco Oil Co.,* 170 Kan. 91, 223 P. 2d 1020.

See, also, *Kerr v. Robertson,* supra, where in considering the same subject, we said:

"While there are some cases in which this court has said the specific time when the fraud was discovered should have been stated in the petition, the real rule, however, is that the facts should be stated in the petition sufficient to show that the fraud was discovered within two years. Certainly we think that rule is applicable here." (p. 640.)

Given the benefit of inferences to which it is entitled the instant petition contains allegations to the effect the fraud relied on was not discovered until well within two years from the date of the commencement of the action. Therefore under the rule announced in the foregoing decisions, to which we adhere, appellant's contention such pleading does not state a cause of action because it fails to expressly allege such fraud could not have been discovered with

reasonable diligence prior to the dates therein stated lacks merit and cannot be upheld.

Appellant's second contention is that appellees were charged with constructive notice that the costs of the improvements were not paid. Specifically this contention is based upon the premise the petition states that on November 1, 1950, the county clerk of Johnson County made a special tax assessment against the real estate involved on account of the lateral sewer district and that on such date this tax assessment became a matter of public record of which appellees were bound to take notice. We believe this contention of appellant completely overlooks the fact that we are here dealing with the sufficiency of a petition which, when given the benefit of all proper inferences, must be construed as alleging that due to and by reason of appellant's false and fraudulent representations respecting the paid status of the improvements in question appellees were lulled into such a sense of security as to lead them to omit or forego any examination of the records whatsoever. Under such circumstances, regardless of what appellees' duty with respect to searching the records might otherwise have been, our decisions hold any obligation to search the records no longer existed and the statute of limitations began to run from the date of their actual knowledge of the fraud perpetrated upon them. See *Mingenback v. Mingenback*, 176 Kan. 471, 271 P. 2d 782, where it is held:

"Where the evidence shows the conduct of the defendant was such as to throw plaintiffs off their guard, or to lull them into a sense of security so as to lead them to omit or forego the examination of the records, then the statute begins to run from the date of the actual knowledge of the fraud." (Syl. ¶ 3.)

See, also, *Causemaker v. DeRoo*, 153 Kan. 648, 113 P. 2d 85, which holds:

"The rules stated in the preceding paragraphs of this syllabus are subject to the qualification that in cases where no obligation to examine the public records exists, or where a party participating in the fraud has led the defrauded party to forego an examination of the records, the recording of the instrument may not constitute constructive notice even of its execution and contents, or the party guilty of the fraud may not assert such constructive notice." (Syl. ¶ 3.)

And see *Faidley v. Emrich*, 169 Kan. 233, 218 P. 2d 178, where the following statement appears:

". . . The rule is stated in *Converse v. Watts*, 127 Kan. 673, 275 Pac. 181, as follows:

" 'All through these opinions applying and approving constructive notice the modification is observed to the effect that if the evidence shows that the

conduct of the defendant was such as to throw plaintiffs off their guard, or to lull them into a sense of security so as to lead them to omit or forego the examination of the records, then the statute begins to run from the date of the actual knowledge of the fraud'." (p. 237.)

For other decisions applying and further amplifying the rule see *McWilliams v. Barnes,* 172 Kan. 701, 704, 242 P. 2d 1063; *Hutto v. Knowlton,* 82 Kan. 445, 449, 108 Pac. 825; *Speed v. Hollingsworth,* 54 Kan. 436, 38 Pac. 496; *Carpenter v. Wright,* 52 Kan. 221, 34 Pac. 798; *McKee v. Eaton,* 26 Kan. 226.

Since the contentions advanced by appellant neither warrant nor sustain a conclusion the petition shows on its face the cause of action therein pleaded is barred by the statute of limitations it is our obligation to affirm the trial court's action in overruling the demurrer to that pleading.

It is so ordered.