No. 41,926

ALFRED MAYFIELD, *Appellee*, v. HESSTON MANUFACTURING COMPANY, INC., *Appellant*.

(353 P. 2d 789)

filed July 2, 1960.

*Kenneth G. Speir*, of Newton, and *Gordon D. Schmidt*, of Kansas City, Missouri, argued the cause, and *Vernon A. Stroberg, Herbert H. Sizemore* and *Richard F. Hrdlicka*, of Newton, were with them on the briefs for appellant.

*Max Regier*, of Newton, argued the cause, and *David W. Wheeler*, of Newton, was with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This action sought to recover the reasonable value of plaintiff's services arising out of an oral contract by which the defendant corporation employed him to design and aid in designing a new and more practical swather for its manufacture and sale. The defendant filed a motion to make definite and certain which was sustained in part and overruled in part, and the plaintiff filed an amended petition. The defendant demurred to the amended petition on the ground that it failed to state facts sufficient to constitute a cause of action and that the cause of action, if any, was barred by the statute of limitations. The district court overruled the demurrer, and the defendant has appealed.

The plaintiff alleged in his original petition that the defendant employed him and among his duties was that of designing a new and more practical swather for manufacture and sale by the defendant; that if a proper design was submitted by plaintiff and used in the manufacture of the swather he would be compensated, in addition to his salary, the reasonable value of the ideas and designs accomplished by him; that he proceeded with his duties and "did submit a new and practical design for said swather which was adopted by said defendant corporation and was manufactured in accordance with the designs and ideas submitted by plaintiff and thereafter and without payment of any additional compensation he was discharged by said defendant corporation on or about March 10, 1956," and that the designs submitted by the plaintiff are still being used in the manufacture of the swather or swathers manufactured and produced by the defendant corporation. It was further alleged that a reasonable compensation for the service rendered by the plaintiff was the sum of $37.50 per unit of each swather manufactured and sold and that the defendant had manufactured and sold in excess of 4,000 swathers.

The defendant filed a motion for an order to make the plaintiff's petition definite and certain by requiring plaintiff to state all of his

duties; to state the terms or words of the alleged oral contract of employment; to specify the date, place and person to whom the alleged new and basic design was submitted; to specify the nature and detail of the alleged new and basic design for the swather; to attach "copies of any drawings, sketches or plates submitted by plaintiff, together with the dates thereof; and by further exhibiting any model or models thereof, constructed by or through the plaintiff and submitted to the defendant corporation," and to state whether he claimed to have submitted an entirely new and basic design for the swather or only a part thereof and specifically state what part or parts he claimed to have originated.

The district court sustained the motion in part and denied it in part. It ordered the plaintiff to allege the exact date he was discharged by the defendant; to allege all of the duties which were to be performed by him pursuant to his employment; to state the name of the official of the defendant corporation with whom the alleged oral contract was made and the terms thereof; to specify the nature and detail of the alleged new and basic design of the swather and the date, place and to whom plaintiff submitted the same; otherwise, the motion was overruled.

On October 6, 1959, the plaintiff filed an amended petition of which paragraphs 2 and 3 read:

"That sometime during the fall season of the year 1955, the exact date of which is unknown to this plaintiff, the defendant corporation did employ this plaintiff and he was so employed until March 10, 1956, when he was discharged. That this plaintiff entered into an oral contract of employment with Alan White, Chief Engineer of the defendant company and was employed as a draftsman, to be paid $1.25 per hour and in addition thereto, was advised orally by the said Alan White, that the defendant corporation desired him to design and aid in designing a new and more practical swather for manufacture and sale by said defendant corporation and that if his designs were submitted and were used in the manufacture of said swather, that he would be compensated in a reasonable amount in addition to his salary as draftsman. That said contract was at times during his employment, the exact dates of which are unknown to plaintiff, ratified by Lyle Yost and Ray Schlicting, President and Secretary-Treasurer of said corporation. That plaintiff is unable to state the exact wording of said oral contract.

"That thereupon, said plaintiff did proceed with such employment and did submit the following designs and ideas which were adopted by said defendant corporation and used in the manufacture of their new swather, to-wit:

"A. That plaintiff was the designer and originated the complete new frame on a new and improved swather, resulting in the stronger, more efficient, better appearing frame.

"B. That plaintiff originated the idea of a new type platform linkage, allowing the platform to be raised sufficiently to clear existing swaths and providing the shift of weight distribution to the rear when raised and keeping the platform parallel with the ground, regardless of the height of cut.

"C. That plaintiff originated the flotation idea on the platform, allowing either end of the platform to raise or tilt to clear ground irregularities.

"D. That plaintiff originated a new and unique chain mounting within the integral frame, thus allowing the chain to run in dust-free oil.

"E. That plaintiff conceived the basic ideas which lead to developing 'trim-steer,' a method of slight changes in direction without disengaging power to the wheels and also correcting for 'side drift' on hillsides. That thereafter and without payment of any additional compensation, plaintiff was discharged by said defendant corporation on March 10, 1956. That all of said designs and ideas were submitted at various times during his employment, the exact dates being unknown to plaintiff, to Alan White, aforesaid Chief Engineer and to Lyle Yost, President of said corporation at the principal place of business of said corporation in Hesston, Kansas, and during regular hours of employment. That said designs submitted by plaintiff are still being used in the manufacture of the swather or swathers manufactured and produced by the defendant corporation, known as Series No. 200, Series 220, and is further being sold and manufactured under different names for at least two (2) other companies, to-wit: The J. I. Case Company and The Cockshutt Company, all of which swathers incorporate the designs and ideas furnished by plaintiff herein."

Plaintiff repleaded that the reasonable compensation for his services in designing and aiding in designing a new and more practical swather was in the sum of $37.50 per unit of each swather manufactured and sold and that the defendant had manufactured and sold in excess of 4,000 such machines. The prayer was that plaintiff recover judgment against the defendant in the above amount for each and every swather unit sold since his discharge and in the same amount for each swather sold henceforth incorporating the designs and ideas submitted by the plaintiff.

The defendant has appealed from the order overruling its demurrer to the amended petition and from the order overruling a part of its motion to make definite and certain.

We shall first discuss the defendant's contention that the district court erred in ruling on its motion to make definite and certain by not requiring the plaintiff to attach copies "of any drawings, sketches or plates submitted by plaintiff, together with the dates thereof; and by further exhibiting any model or models thereof, constructed by or through the plaintiff and submitted to the defendant corporation." Pursuant to G. S. 1949, 60-3309 the defendant timely perfected its appeal from the order of December 30, 1959, overruling its demurrer, and also appealed from the previous order of May 25,

1959, overruling that part of the motion to make definite and certain here in question. While the latter order, standing alone, was not a final order within the meaning of G. S. 1949, 60-3302 and 60-3303, it is nonetheless subject to appellate review pursuant to G. S. 1959 Supp., 60-3314a (*Holmes v. Kalbach,* 173 Kan. 736, 740, 252 P. 2d 603; *Western Shale Products Co. v. City of Fort Scott,* 175 Kan. 643, 651, 652 266 P. 2d 327; *Foster v Humberg,* 180 Kan. 64, 70, 299 P. 2d 46).

With respect to the specification of error, this court has consistently and uniformly held that rulings on motions to strike, regardless whether such motions have been sustained or overruled, rest in the sound discretion of the district court and are not appealable under sections 60-3302 and 60-3303, and of a certainty do not result in reversible error, unless such rulings are final, affect a substantial right, or, in effect, determine the action (*Nausley v. Nausley,* 181 Kan. 543, 545, 313 P. 2d 302; *In re Estate of Sims,* 182 Kan. 374, 378, 321 P. 2d 185, and the many cases therein cited; *Lee v. Johnson,* 186 Kan. 460, 350 P. 2d 772). See, also, *Krey v. Schmidt,* 170 Kan. 86, 223 P. 2d 1015.

Although the defendant contends that the plaintiff should be required to detail and show the nature of a "new and more practical swather" and that it would be prejudiced in making its defense unless the drawings, blueprints, specifications, and so forth, prepared by the plaintiff and submitted and used by the defendant were attached to the petition, we think that the district court committed no reversible error in not requiring the plaintiff to set forth those items or attach them as exhibits since paragraph 3 of the amended petition sets forth in detail the plaintiff's designs and ideas which he alleged were adopted by the defendant and used in the manufacture of the new swather. What the plaintiff alleged was that *his designs and ideas were new as adapted to the defendant's* swather so as to make it a new and improved implement. That part of the motion to make definite and certain overruled by the district court sought to make the plaintiff plead in his petition what the defendant might have ascertained if a discovery proceeding was permitted under the code of civil procedure. But, all drawings, blueprints, specifications, models, and so forth, if any, submitted by the plaintiff to the defendant were in its possession so as to permit it to prepare its defense to the alleged five different designs and ideas set forth in paragraph 3 of the amended petition. For instance, the

record indicates that counsel stated in oral argument in the district court that plaintiff originated the "flotation idea" on the platform as alleged in subparagraph C, which was the same basic idea as "knee action" in an old automobile, but was entirely new in a swather since no such machine previously had it. Also, counsel stated that the basic design of the "trim steering" set forth in subparagraph E compared to an automobile differential, but, again, no swather previously had such a basic idea. For reasons stated, we think the district court did not err in overruling that part of the motion to make definite and certain here complained of.

The defendant contends the amended petition fails to state facts sufficient to constitute a cause of action. We do not agree. It is clear from the allegations of the amended petition that plaintiff did not seek to enforce the oral contract as a full and complete contract in itself. His designs and ideas had to be submitted and used in the manufacture of the swather before he was entitled to additional compensation. It is then alleged that designs were submitted and used in the manufacture of the machine. Proper allegations were then made in *quantum meruit* for the reasonable value of plaintiff's services which was alleged to be $37.50 per unit. The case of *Stewart v. Fourth Nat'l Bank,* 141 Kan. 175, 39 P. 2d 918, is a complete analysis of this type of action. In the opinion it was said:

"Appellant cites on the first point involved many cases concluding that the contract upon which recovery was sought was too indefinite to establish or be an enforceable contract. Such might have been said as to the contract here under consideration, if the plaintiff had attempted to enforce it as a full and complete contract in itself. The plaintiff in her petition specifically acknowledged its incompleteness in itself by proper allegations for *quantum meruit,* which of course would not have been necessary if the promise and agreement had contained a definite sum as compensation. Some of the cases cited have reference to enforcing liens on lost property, when discovered, after a reward had been offered. The case of *Nichols v. Coppock,* 124 Kan. 652, 261 Pac. 652, is cited where it was held that the sale of property on 'easy terms' was too indefinite. The missing feature there could not be supplied under *quantum meruit* and it was not so attempted. That is very different from employing one and agreeing to pay him reasonable wages. His contract is definite and an action for *quantum meruit* is decidedly proper." (l. c. 177, 178.)

See, also, *Lambertz v. Builders, Inc.,* 183 Kan. 602, 608, 331 P. 2d 559.

The case of *Miller v. International Harvester Co.,* 179 Kan. 711, 298 P. 2d 279, is in point. The plaintiff developed an idea which he

embodied in a device solving the defendant's difficulty in making its binder work efficiently. The defendant requested that plaintiff submit his idea to its engineers to be tested, and agreed that it would not use the idea or device as disclosed without compensating plaintiff. The defendant subsequently embodied plaintiff's idea in its own device, achieving the same result without compensating the plaintiff. In the opinion it was said:

"The petition alleges the contract contained mutual promises, i. e., that plaintiff was to disclose his idea to defendant and furnish sketches showing the device; defendant would not make use of the idea without agreeing with him as to the character and amount of compensation to be paid for the idea. The contract as pleaded contained mutual promises and it is fundamental that the consideration for a promise may be a return promise. (*Stewart v. Fourth Nat'l Bank*, supra.) It is true, contracts should be definite and certain, and generally a definite price or compensation is an essential element of a binding contract. However, the rule with respect to contracts executed, except for payment, is that there arises an implied promise to make reasonable payment. (*Brunner v. Stix, Bear & Fuller Co.*, 352 Mo. 1225, 181 S. W. 2d 643.) (l. c. 715, 716.)

A review of the amended petition in the instant case convinces us that it disclosed facts sufficient to constitute a cause of action against the defendant.

The defendant lastly contends the district court erred in overruling its demurrer upon the ground that the action was barred by the statute of limitations. It is well settled that if a petition shows on its face the action is barred by the statute of limitations it is demurrable on the ground that it fails to state a cause of action (*Stratton v. Wood Construction Co.*, 178 Kan. 269, 284 P. 2d 636), but the rule is equally well established that unless a petition shows that fact affirmatively no demurrer lies, and the bar of the statute must be pleaded to be available as a defense (*Kerr v. Robertson*, 176 Kan. 637, 272 P. 2d 1062). Here, the motion to make definite and certain did not seek to require the plaintiff to state the dates his designs and ideas were accepted by the defendant and used in the manufacture of the swather, and since the action was commenced in less than three years from the date of plaintiff's discharge on May 10, 1956, the demurrer is unavailing.

We have examined the record and find no reversible error. The judgment is affirmed.